**UNION CARBIDE CORPORATION,**
Plaintiff-Appellant,

v.

**GRAVER TANK & MFG. CO., Inc., and
The Lincoln Electric Company,**
Defendants-Appellees.

**UNION CARBIDE CORPORATION,**
Plaintiff-Appellee,

v.

**The LINCOLN ELECTRIC COMPANY,**
Defendant-Appellant.

Nos. 14469–70.

United States Court of Appeals
Seventh Circuit.

April 9, 1965.

Richard R. Wolfe, Chicago, Ill., James A. Fowler, Jr., New York City, Nathan Levy, South Bend, Ind., Cahill, Gordon, Reindel & Ohl, New York City, Wolfe, Hubbard, Voit & Osann, Chicago, Ill., Crumpacker, May, Levy & Searer, South Bend, Ind., for plaintiff-appellant, C. Frederick Leydig, Chicago, Ill., of counsel.

Thomas V. Koykka, Cleveland, Ohio, Edward A. Haight, Dugald S. McDougall, Chicago, Ill., Charles G. Bomberger, Hammond, Ind., James R. Stewart, Cleveland, Ohio, for The Lincoln Electric Co., defendant-appellant on cross appeal.

Before HASTINGS, Chief Judge, and DUFFY and KNOCH, Circuit Judges.

HASTINGS, Chief Judge.

This long enduring and seemingly never ending litigation was commenced by the filing of a complaint on October 1, 1945. The action was for the infringement of United States Patent No. 2,043,-960 issued in 1936 on the application of Jones, et al.

During the ensuing almost twenty years this litigation has been pursued in the United States District Court for the Northern District of Indiana, the United States Court of Appeals for the Seventh Circuit and the Supreme Court of the United States.

The present appeals bring this controversy before us for the fourth time. The history of this litigation is completely set out in our last opinion and need not be repeated here. Union Carbide Corporation v. Graver Tank & Mfg. Co., 7 Cir., 282 F.2d 653 (1960).

Judge Major, speaking for the court in the last appeal, summarized our holdings in 282 F.2d 653, at 678, as follows:

"(1) We approve of the Court's rejection of the method employed by Union Carbide in its attempt to prove damages.

"(2) We hold that the Court erred both as a matter of fact and of law in its conclusion that Lincoln was a conscious and wilful infringer.

"(3) We hold that the Court properly resorted to the reasonable royalty method for ascertaining damages recoverable by Union Carbide.

"(4) We agree with the Court's conclusion approving the Master's finding in fixing a reasonable royalty at 5¢ per pound of rod deposited, with the following reservations: (a) the Court erred in its conclusion, contrary to that of the Master, that Union Carbide was entitled to recover damages for the period prior to the filing of the complaint (October 1, 1945), and (b) the Court erred in its conclusion that Union Carbide was entitled to recover the reasonable royalty determined by the Master during the period from July 1, 1948 to June 17, 1950 (the second period of infringement). We hold that for such period Lincoln

was entitled to the benefit of the rule announced in Columbia Wire Co. v. Kokomo Steel & Wire Co., 7 Cir., 194 F. 108.

"(5) We hold that the Master erred in allowing Union Carbide $600,000 as additional compensatory damages and that the Court erred in increasing such damages to the sum of $900,000.

"(6) We hold that the Court erred in its conclusion, contrary to the recommendation of the Master, that Union Carbide was not required, under Title 35 U.S.C.A. § 287, to give Lincoln actual notice of infringement as a condition to its right to recover damages prior to the filing of its action for infringement.

"(7) We hold that the Court erred in its conclusion, contrary to the recommendation of the Master, that Union Carbide was entitled to recover interest prior to liquidation of the amount of its damages.

"(8) We approve of the Court's conclusion denying Lincoln's application for the allowance of attorney fees for services rendered in defense of the contempt action instituted by Union Carbide.

"It follows that the judgment under attack, and particularly the conclusions upon which it is predicated, is affirmed in part and reversed in part. The matter is remanded to the District Court, with directions to vacate the judgment from which this appeal comes, to compute Union Carbide's damages in accordance with the views herein expressed and to enter judgment accordingly."

On remand, the district court [1] held:

(1) That Union Carbide was entitled to recover nominal damages for the second period of infringement (July 1, 1948 to June 17, 1950) in the sum of $17,-

---

1. Circuit Judge Luther M. Swygert was assigned to sit as a district court to hear and determine the issues in this case on remand, since he served as the district judge in the proceedings leading to our decision in 282 F.2d 653.

921.42, calculated on the basis of 1% of the selling price of the infringing flux, under the rule announced in Columbia Wire Co. v. Kokomo Steel & Wire Co., 7 Cir., 194 F. 108 (1911).

(2) That Union Carbide recover interest thereon from the date judgment was entered; and

(3) That Union Carbide be awarded the sum of $500,000 as an allowance to it of reasonable attorney fees for the services of its attorneys rendered in the proceeding leading to the permanent injunction issued on July 10, 1950 pursuant to an interlocutory decree entered July 9, 1947.

Union Carbide (plaintiff) has appealed in No. 14469 from parts (1) and (2) of the judgment, supra, and Lincoln (defendant) has cross-appealed in No. 14470 from part (3) of the judgment, supra.

### No. 14469

Union Carbide insists that the award of damages for the second period of infringement should be based on reasonable royalty for 36,376,376 pounds of infringing 660 flux at 3⅓¢ per pound of flux after deducting $4,002.25 royalties paid by Dravo Corporation to plaintiff, being a total of $1,208,543.62. Credit is given Lincoln for the payment of $611,163.12 in accord with a prior mandate, leaving a net balance now claimed as unpaid in the sum of $597,380.50.

In the alternative, Union Carbide contends the award should be not less than $238,952.20.

In support of these contentions, Union Carbide argues that our opinion in 282 F.2d 653 is not supported by the record.

■ On remand, the district court reviewed our interpretation of the holding in and applicability of the Columbia Wire

case [2] and went to some length to state its disagreement with our construction thereof. However, the district court properly felt bound by our prior decision and correctly applied it in awarding Union Carbide nominal damages of $17,921.-42 for the second period of infringement.

Union Carbide now argues that the district court was correct in its interpretation of the Columbia Wire case and that we were incorrect.

With deference to the learned district court and counsel for Union Carbide, we adhere to our holding in 282 F.2d 653, and we affirm the judgment of the district court on this proposition.

■ Further, for the reasons assigned in Judge Major's opinion, we affirm the judgment of the district court in holding that interest does not begin to run until the damages are determined.

In effect, Union Carbide is urging what amounts to still another rehearing on the merits. We have carefully examined the contentions made and the objections asserted and decline to reopen the case on the merits.

That part of the judgment appealed from in No. 14469 will be affirmed.

### No. 14470

In appealing the award of $500,000 attorney fees to Union Carbide, Lincoln urges that such an award is not supported by the record.

The applicable statute, 35 U.S.C.A. § 285 reads: "The court *in exceptional cases* may award reasonable attorney fees *to the prevailing party.*" (Emphasis added.)

The questions to be answered are (1) whether Union Carbide is "the prevailing party" and (2) whether this is such an "exceptional case" in which it would be appropriate to allow attorney fees.

---

2. In substance, the rule in Columbia Wire is that in calculating damages, the patent owner may recover only for the difference between the patented product and such other as the infringer could have used had he known he infringed. During the second period of infringement in the instant case, "Lincoln's 700-series fluxes were available as substitutes or alternatives to its infringing flux." 282 F.2d at 671.

We have carefully reviewed the record as set out in our prior decisions and the record as it relates to the reasons stated by the learned district court in arriving at its conclusions. It is our considered judgment that the award of $500,000 for attorney fees to Union Carbide must be set aside.

In an earlier holding, the district court adjudged Lincoln to be in contempt of court. On appeal, this court reversed. 196 F.2d 103, cert. denied, 343 U.S. 967, 72 S.Ct. 1059, 96 L.Ed. 1363. In the instant case, although the Master found $180,000 a reasonable fee for services rendered by attorneys for defendant in the contempt action, he denied the application for such allowance. The district court sustained the Master and on appeal, we affirmed. 282 F.2d at 677. In so doing, we said:

> " * * * These cases and others hold that such fees are not allowed as a matter of course to the prevailing party but only in exceptional circumstances, such as to prevent gross injustice, where vexatious or unjustified litigation is shown or where the losing party has been guilty of deliberate and wilful conduct. * * * [citing cases]."

In that holding, we exonerated both parties from a charge of "bad faith." We said further that "this question of good faith as it applies to both sides must be evaluated in accordance with circumstances as they existed many years ago and not as they have been developed in and decided by the courts." Ibid.

We should also point out that as a predicate to our last decision, 282 F.2d at 657, we undertook to resolve the question whether Lincoln's 660 flux was copied from the teachings of the patent in suit and whether Lincoln thereby became a conscious and wilful infringer, as found by the district court.

Through six pages of our opinion (pp. 657–663), Judge Major carefully analyzed this issue and our final conclusion was that Lincoln was not a conscious and wilful infringer in the manufacture and use of its 660 flux.

As we observed then, "[t]hat the rights of the parties in 1942 were uncertain and doubtful is admitted on all sides." Id. at 663.

It seems appropriate to quote further on this issue:

> "Bad faith should not be attributed to Lincoln because it contested and lost on the issue of infringement. Many a legal battle has been fought honestly and in good faith, but lost. Union Carbide has shared in that experience in the instant prolonged litigation. It attempted all the way to the Supreme Court to sustain the validity of sixteen process and seven composition claims. It lost as to all of the former and three of the latter. It attempted without success to obtain [a]n adjudication that Lincoln was an infringer because it made and marketed four new fluxes, known as the 700-series. In these matters, as well as in others, it no doubt acted under the advice and guidance of its experienced and competent counsel. But the fact that it lost does not, in our view, raise an inference that it or its attorneys acted in bad faith. Neither do we think on this record that Lincoln can properly be charged with bad faith or characterized as a conscious and wilful infringer when it acted under the advice of equally experienced and competent counsel." Id. at 662–663.

Further, in 282 F.2d at 675, we reversed the district court when it took into consideration "plaintiff's expenses," amounting to $687,226.17, as a factor in increasing an award by the Master of $600,000 to $900,000 for additional compensatory damages. We said that such expenses, including attorney fees or court costs, could not be allowed as general damages, but that they *might be allowed* as such under other provisions of law. However, that question was not before

us then. Reliance on these statements as an implied subsequent approval of an allowance of attorney fees was not intended and is misplaced.

■ Under the record, we cannot agree that Union Carbide was the "prevailing party." After years of litigation it prevailed only on four claims, under the doctrine of equivalents, out of a total of twenty-nine claims. It lost all process claims. It can hardly be said that Union Carbide was the prevailing party and Lincoln the losing party. Dixie Cup Co. v. Paper Container Mfg. Co., 7 Cir., 169 F.2d 645, 651 (1948), cert. denied, 338 U.S. 867, 70 S.Ct. 142, 94 L.Ed. 531.

The district court made the following statements in its memorandum opinion in support of its award of attorney fees to Union Carbide:

"So the question remains: Is this an exceptional case in which reasonable attorneys fees should be awarded?

"I am aware of the Court of Appeals admonition pronounced in Apex Electrical Mfg. Co. v. Altorfer Bros. Co., 238 F.2d 867 (7th Cir. 1956), that the trial court, if attorneys fees are awarded, must make special findings to show the basis of its award. For that reason I make the following findings of fact on which I base the conclusion that this is an exceptional case in which plaintiff, the prevailing party, is entitled to the amount of $500,000 for attorneys fees, the sum which the master found and which I now find to have been reasonable in amount.

"The defendants from the inception of this lawsuit have raised many issues not directly going to the question of validity and infringement, for example, questioning the court's jurisdiction over Lincoln, and the defenses of estoppel. Also, vexatious confusion has been part of defendants' tactics to put off meeting the issues head-on. Foremost in my thoughts is the misleading welding demonstration given pursuant to the court's order on May 21, 1946. In addition, it should be noted that Lincoln increased its production of the infringing flux to 4,767,900 pounds in 1950, despite the fact that the Court of Appeals had affirmed this court's decision of validity and infringement in April 1948, [Linde Air Products Co. v. Graver Tank & Manufacturing Co., 7 Cir., 167 F.2d 531] and the Supreme Court had affirmed the Court of Appeals decision in February 1949, [336 U.S. 271, 69 S.Ct. 535, 93 L.Ed. 672]. This increased production took place in spite of the fact (as the Court of Appeals found) that the 700 series fluxes were a full substitute for the 660 flux and therefore could have been readily used by defendants to meet their requirements without further infringing plaintiff's patent.

"I have been with this case from its inception and I am firmly convinced that Lincoln has done everything within its power to defeat or avoid the patent monopoly which rightfully belonged to plaintiff. Certainly it has a right to do this up to a point. I believe they have far exceeded the bounds to which businessmen, solicitous of their rights, are permitted to go without passing into the 'exceptional' case envisioned by the statute. Sometimes negatives are as strong as positives. I think it is significant that the master rejected the following finding requested by defendants:

"Defendants have not been guilty of any unconscionable conduct in their defense of this action, and their defense has been conducted in good faith.

Had the master adopted this finding, I would have had to set it aside, after considering all the matters to which I have alluded."

**414**

We have carefully, reviewed and considered the district court's findings as above set out, since it was exercising a discretion in the action it took. However, we feel compelled under the record in this case, to set it aside. We conclude that such findings do not find adequate support in the record. See Ferment-Acid Corporation v. Miles Laboratories, Inc., 7 Cir., 338 F.2d 586, 588–589 (1964); Armour & Co. v. Wilson & Co., 7 Cir., 274 F.2d 143, 148 (1960); and Anderson Company v. Sears, Roebuck and Co., 7 Cir., 265 F.2d 755, 763 (1959).

It is not surprising that the district court would find some things in the conduct of such prolonged litigation to be vexatious. Many of the matters referred to in the foregoing findings have been considered at earlier stages of the litigation.

In our view, the record indicates merely that this litgation was important to the parties; it was intelligently and skillfully hard fought; it was handled by exceptionally well qualified counsel on both sides; and each party won something and lost something. It would serve no useful purpose here at this late date to rehash old issues and contentions raised again and again by both parties.

We hold, therefore, that the findings of fact made by the district court that this is an exceptional case in which Union Carbide is the prevailing party, under the record, are clearly erroneous in fact and in law. That part of the judgment appealed from in No. 14470 will be reversed.

As further grounds for reversal, Lincoln urges that Union Carbide is estopped as a matter of law from asserting a claim for attorney fees and that this court's mandate following our decision in 282 F.2d 653 bars the allowance of such fees. In view of our disposition of this appeal under the applicable statute, we do not reach or decide these issues.

We further hold that each party will bear its own costs in each of these appeals.

Affirmed in part. Reversed in part.