**Jo Ann BROWN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 57803.**

Court of Criminal Appeals of Texas, Panel No. 2.

Jan. 23, 1980.

Rehearing Denied March 5, 1980.

Thomas Rocha, Jr., on appeal only, San Antonio, for appellant.

Bill M. White, Dist. Atty., E. Dickinson Ryman, James W. Blagg and H. Wayne Campbell, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, ROBERTS and ODOM, JJ.

### OPINION

ROBERTS, Judge.

A jury found the appellant guilty of possession of heroin; the court assessed punishment at 10 years' confinement. The appellant challenges the legality of the arrest and the search.

Officers Gabriel Lozano and Phillip Trovato were patrolling in downtown San Antonio. Trovato went into the Coney Island Restaurant for a soda. The appellant was complaining to the waitress behind the counter that the food "wasn't enough" and that it wasn't served quickly enough. She was shouting and screaming. Trovato told her to quiet down. She continued to yell. Lozano, who was standing outside, could hear the sound through a glass door. Trovato arrested the appellant for disorderly conduct. (The appellant called as witnesses her companion and a man who was in an adjacent bar to testify that they heard no loud voices. The trial court was free to judge the credibility of the witnesses.) The court overruled the motion to suppress, holding that the arrest was authorized by V.A.C.C.P., Article 14.01.

The appellant argues that the First Amendment would be violated if the appellant were arrested for speaking obscene words. But the evidence emphasized the loudness of her voice, not the content of the words. It is an offense intentionally or knowingly to make unreasonable noise in a public place. V.T.C.A., Penal Code, Section 42.01(a). The officer was authorized to arrest. V.A.C.C.P., Article 14.01(b).

After the arrest, Lozano searched the appellant's purse "for weapons." In the purse he found a syringe and a burned bottle cap. He then looked in a wallet which was in the purse and found a capsule of heroin.

The appellant argues that, once the purse was within the officers' control, a warrant was needed to search. The reasoning of *United States v. Chadwick*, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977), seems to support this argument. See *United States v. Johnson*, 588 F.2d 147 (5th Cir. 1979) (duffle bag); *United States v. Schleis*, 582 F.2d 1166 (8th Cir. 1978) (briefcase). See also *United States v. Wright*, 577 F.2d 378, 381 n. 2 (6th Cir. 1978) (dictum). But see *United States v. Berry*, 560 F.2d 861, 864 (7th Cir. 1977) (purse not like briefcase), vacated as improvidently rendered, 571 F.2d 2 (1978). The *Chadwick* reasoning is of no avail in this appeal, however, for we have held that it will not be applied retroactive-

ly. *Kemner v. State,* 589 S.W.2d 403 (Tex. Cr.App.1979). *Accord, e. g., United States v. Calandrella,* 605 F.2d 236 (6th Cir. 1979); *United States v. Berry,* 571 F.2d 2 (7th Cir.), cert. denied, 439 U.S. 840, 99 S.Ct. 129, 58 L.Ed.2d 138 (1978); *United States v. Choate,* 576 F.2d 165 (9th Cir.), cert. denied, 439 U.S. 953, 99 S.Ct. 350, 58 L.Ed.2d 344 (1978); *United States v. Reda,* 563 F.2d 510 (2nd Cir. 1977), cert. denied, 435 U.S. 973, 98 S.Ct. 1617, 56 L.Ed.2d 65 (1978); *United States v. Montgomery,* 558 F.2d 311 (5th Cir. 1977). *Contra, United States v. Schleis,* 582 F.2d 1166 (8th Cir. 1978); *People v. Minjares,* 24 Cal.3d 310, 153 Cal.Rptr. 224, 591 P.2d 514, cert. denied, —— U.S. ——, 100 S.Ct. 181, 62 L.Ed.2d 117 (1979). Although the Supreme Court has applied *Chadwick* retroactively in *Arkansas v. Sanders,* 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979), it did not discuss the issue of retroactivity there, and it has not yet chosen to do so in any other case. We remain aligned with the majority view that before *Chadwick* was decided on June 21, 1977, officers could assume in good faith that they needed no warrant to search containers that they seized after an arrest. The search of this appellant's purse took place on August 24, 1975. We hold that the fruits of the search were admitted properly.

The judgment is affirmed.