Albert Allen **PAIGE**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 14860.

United States Court of Appeals,
Fourth Circuit.

Argued May 6, 1971.

Decided June 10, 1971.

Ralph S. Spritzer, Philadelphia, Pa.
(Court-assigned), for appellant.

David H. Hopkins, Asst. U. S. Atty.
(Brian P. Gettings, U. S. Atty., on
brief), for appellee.

Before BOREMAN, CRAVEN and
RUSSELL, Circuit Judges.

BOREMAN, Circuit Judge:

Albert Allen Paige appeals from an
order of the district court denying his
motion under 28 U.S.C. § 2255 to vacate
and set aside two judgments of convic-
tion. We vacate the order and remand
for further proceedings.

Paige was tried on January 8, 1968,
before the district court without a jury
and he was found guilty of a violation
of the federal narcotics laws. Following
this conviction, the court did not specifi-
cally advise Paige of his right to appeal,
as required by Rule 32(a) (2), Fed.R.
Crim.P.

On February 19, 1968, Paige appeared
before the same court and entered a plea
of guilty to one count of another indict-
ment charging him with another viola-
tion of federal narcotics laws. Prior to
entering the plea Paige was not advised
by the court that under 26 U.S.C. § 7237
his conviction upon the guilty plea would
be treated as a second offense, which
would increase his potential sentence
and would make him ineligible for pa-
role. In fact, the court indicated that it
would not treat Paige's conviction on the
guilty plea as a second offense. Subse-
quently, just before the time set for sen-

tencing, the Government filed an information directing the court's attention to the fact that the charge to which Paige had pleaded guilty on February 19 was a second offense. At the conclusion of his sentencing proceeding Paige was told that the conviction upon his guilty plea would be treated as a second offense.

## I

In challenging his first conviction, Paige claims that he was denied his right to appeal by the trial court's failure to advise him of this right, as required by Rule 32(a) (2), Fed.R.Crim. P., which, in part, is as follows:

> "After imposing sentence in a case which has gone to trial on a plea of not guilty, the court *shall* advise the defendant of his right to appeal and of the right of the person who is unable to pay the cost of an appeal to apply for leave to appeal in forma pauperis. * * * " (Emphasis added.)

The Government concedes that the court did not technically comply with Rule 32(a) (2), but asserts that Paige had notice of his right to appeal because Paige's counsel during the sentencing proceeding told the court that one of Paige's state court convictions would be appealed, and the sentencing court in Paige's presence said, "Of course, he's got a right to appeal." In context, the court obviously referred to the defendant's right to appeal the state court conviction. The Government argues that, since Paige was thus apprised of his right to appeal, remanding for resentencing and reinstatement of his right to appeal would, in effect, be placing form over substance. We cannot agree.

Rule 32(a) (2) is specific in its command. It is obviously designed to insure that a convicted defendant be advised precisely of his right to appeal and to avoid a situation where the Government claims a defendant is otherwise aware of his right to appeal while the defendant denies such knowledge. The three circuits which have considered the failure of a sentencing court to advise a convicted defendant of his right to appeal as required by Rule 32(a) (2) have held that such failure requires a remand for resentencing and reinstatement of the right to appeal. United States v. Benthien, 434 F.2d 1031 (1 Cir. 1970); Nance v. United States, 422 F.2d 590 (7 Cir. 1970); United States v. Smith, 387 F.2d 268 (6 Cir. 1967). We find ourselves in agreement.

## II

Paige attacks the validity of his second conviction, contending that his guilty plea was involuntary due to the district court's failure to advise him fully of the consequences of his guilty plea as required by Rule 11, Fed.R.Crim.P. It is clear that technical compliance with Rule 11's requirement was lacking since the court did not advise Paige that his guilty plea would be treated as a conviction for a second narcotics offense and that his range of sentence would be from ten to forty years rather than from five to twenty years for a first offense. Nor was Paige told that a conviction for a second narcotics offense would make him ineligible for parole. In fact, the court indicated that the guilty plea would not be treated as a conviction for a second offense, stating at the time the plea was entered—"Well, a second offense carries an additional penalty. I am sure he knows that. *But I don't have any second offense before me now.*" (Emphasis added.)

While Paige acknowledges that the automatic remedy of rearraignment, rather than a hearing on the voluntariness of the guilty plea, established in McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), was held non-retroactive in Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969), he nevertheless contends that he is entitled to rearraignment for the reason that here there was more than a mere technical violation of Rule 11 since the trial court inadvertently misled Paige by indicating that the court would not treat the guilty plea as

a conviction for a second offense under the narcotics laws.

 The Government counters that Paige was not harmed by the court's failure to comply with Rule 11 because the sentence which Paige received was well within the maximum for a first offense. We reject this argument because there is no way by which the effect of the court's misleading statement upon the voluntariness of Paige's guilty plea could be determined. Whether Paige would have elected to plead not guilty and put the Government to proof of his guilt had he known the full consequences of pleading guilty to a second narcotics offense is a matter of pure speculation. See Spradley v. United States, 421 F.2d 1043 (5 Cir. 1970). Thus, Paige is entitled to rearraignment on the charge which led to his second narcotics conviction, after being fully advised by the court pursuant to Rule 11 of the possible sentence which could be imposed, his ineligibility for parole, and other consequences of a guilty plea.

Accordingly, the order denying Paige's § 2255 motion is vacated, and the case is remanded to the district court for further proceedings consistent with the views herein expressed.

Vacated and remanded.