UNITED STATES of America,
Appellee,

v.

Frank RICHARDSON, Appellant.

No. 73–1050.

United States Court of Appeals,
Eighth Circuit.

Submitted June 11, 1973.

Decided Aug. 17, 1973.

Thomas M. Larson, Asst. Federal Public Defender, Kansas City, Mo., for appellant.

William A. Kitchen, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before GIBSON, LAY and ROSS, Circuit Judges.

GIBSON, Circuit Judge.

Defendant Frank Richardson appeals from a denial of his motion, pursuant to Fed.R.Crim.P. 32(d) and 28 U.S.C. § 2255, to vacate his sentence and allow withdrawal of his guilty plea. He was charged in six counts with distribution of heroin in violation of 21 U.S.C. § 841(a)(2). He originally entered a plea of not guilty, but on July 10, 1972, the day his case came to trial, he entered a guilty plea to four counts of the indictment. The other two counts were dismissed.[1]

Richardson was sentenced July 28, 1972, to ten years imprisonment on each of the four counts, sentences to be served concurrently. Subsequently, on September 6, 1972, the District Court set the original sentence aside and resentenced Richardson to a term of ten years plus a mandatory three-year special parole term as required by 21 U.S.C. § 841(b)(1)(A).[2] Richardson, on September 20, 1972, moved the District Court to set aside his guilty plea, alleging that he did not fully understand the consequences of his guilty plea and that the resentence with its special parole term constituted an enlargement of the sentence previously rendered. After an evidentiary hearing, the District Court denied the motion.

---

1. The relevant portions of the hearing below are set out as Appendix A to this opinion.

2. That section reads in part:
   "Any sentence imposing a term of imprisonment under this paragraph shall, in the absence of such prior conviction, impose a special parole term of at least 3 years in addition to such term of imprisonment and shall, if there was such a prior conviction, impose a special parole term of at least 6 years in addition to such term of imprisonment."

Richardson raises two contentions on appeal: (1) his guilty plea was made without an understanding of its full consequences and thus violated Fed.R.Crim.P. 11, and (2), the addition of the special parole term was an enhancement of punishment violative of the Fifth Amendment's protection against double jeopardy. Because of the result we reach on his first contention, we do not decide the merits of the double jeopardy claim.

■ Rule 11 of Fed.R.Crim.P.[3] mandates that the district court must be satisfied that the defendant understands the nature of the charge and the consequences of his guilty plea. McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). The question here posited is two-fold: one, is the "special parole term" a consequence of the guilty plea; and two, if so, was the defendant aware of that consequence? We hold the special parole term is a consequence of the guilty plea and that the defendant was not sufficiently apprised of that consequence.

■■ Prior to May 1, 1971, narcotic offenders were not eligible for probation or parole. 26 U.S.C. § 7237(d).[4] In 1970, Congress, after a series of commission studies on the drug problem, passed the Comprehensive Drug Abuse, Prevention and Control Act, Pub.L. No. 91–513 (October 27, 1970), which became effective May 1, 1971. The rationale of that act included, aside from its rehabilitative provisions, the allowance of more flexibility in the imposition of sanctions. Although taking a hard line on narcotic pushers and authorizing substantial sentences on first offenders and still more severe sentences on repeaters, the Act injected a new type of restraint designated as a "special parole term" of varying length depending upon the type of drug offense and whether accused had a prior conviction. This mandatory special parole term is unique in that it is in addition to and not in lieu of any other parole term provided by law. Therefore, the nature of this special parole term mandated by 21 U.S.C. § 841(b)(1)(A),[5] is a "consequence" of a guilty plea about which a defendant must be fully informed before acceptance of his guilty plea, and its application is governed by Moody v. United States, 469 F.2d 705 (8th Cir. 1972), holding that ineligibility for parole is a "consequence" of a guilty plea, and, therefore, a matter the court must determine is understood before a guilty plea may be accepted. As stated in Moody:

"The rationale underlying the view of the majority of the circuits is that a defendant, unaware at the time of entering a plea of guilty that he will be ineligible for probation or parole, does not plead with understanding of the consequences of the plea, since the nature of parole is so well understood that its availability may be regarded as assumed by the average defendant." Moody v. United States, supra at 708 (citation omitted).

This same rationale is equally applicable here; for a defendant does not plead with understanding of the consequences of his plea when he is unaware of the nature of the mandatory special parole

3. Fed.R.Crim.P. 11 provides in part:
   "The court may refuse to accept a plea of guilty, and shall not accept such plea . . . without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea."

4. Section 7237 of 26 U.S.C. was repealed (effective May 1, 1971) by Pub.L. No. 91–513, T. III, § 1101(b)(4)(A), 84 Stat. 1292.

5. The special parole term is separate from and begins after the regular sentence has been served, including any other parole. In case of a violation of the conditions of the special parole term, the original term of imprisonment will be increased by the entire period of the term, without regard to the length of time spent on special parole. 21 U.S.C. § 841(c). It thus differs in major respects from regular parole, the nature of which is assumed to be understood by the average defendant. Durant v. United States, 410 F.2d 689, 692 (1st Cir. 1969).

term that must be imposed upon a guilty plea if a sentence of imprisonment results.

Citing Young v. United States, 433 F.2d 626 (10th Cir. 1970), cert. denied, 401 U.S. 995, 91 S.Ct. 1242, 28 L.Ed.2d 534 (1971) and United States v. Frontero, 452 F.2d 406 (5th Cir. 1971), the Government argues that Richardson was adequately advised of the consequences of his plea, since the assistant United States attorney included the special parole term in his recitation concerning the maximum possible sentence in the presence of the defendant, his counsel, and the judge. (See Appendix A). We agree that the understanding of the consequences of his plea need not necessarily be imparted by the trial judge as these cases recognize, but the trial judge must take steps to ascertain that the defendant is aware, *inter alia,* of the consequences of the proposed guilty plea. The adequacy of the defendant's apprisement depends "upon the complexity of the charge as well as all of the surrounding circumstances," Arthur Guy Eagle Thunder v. United States, 477 F.2d 1326 (8th Cir. 1973), and we would impose no requirement "that the Judge mount the bench with a script in his hand." Sappington v. United States, 468 F.2d 1378, 1380 (8th Cir. 1972). Further, due process does not require that a defendant be apprised of each and every right waived by a guilty plea, but defendant must be advised and understand the maximum penalty before the court accepts the guilty plea. United States v. Frontero, *supra*; Arthur Guy Eagle Thunder v. United States, *supra*.

Had the record shown that Richardson had been adequately advised of the consequences of his plea by a reliable source and that he understood these consequences either before entering his plea or in open court, we would find the necessary substantial compliance with Rule 11. Contrariwise, where the record is deficient in showing advice of and awareness of the maximum penalty, the judgment of conviction should be vacated and the defendant called upon to plead anew. Kotz v. United States, 353 F.2d 312 (8th Cir. 1965). We agree with the Court in *McCarthy* that "[t]here is no adequate substitute for demonstrating *in the record at the time the plea is entered* the defendant's understanding of the charge against him." McCarthy v. United States, 394 U.S. at 470, 89 S.Ct. at 1173. Like reasoning applies to the consequences of a plea.

Richardson's testimony that he did not understand the meaning of parole is incredible and gives rise to skepticism concerning his other testimony. Richardson had previously been incarcerated for a federal offense and had unsuccessfully appeared before a parole officer. However, his contention that he failed to understand the nature of the special parole term is understandable, since we are here dealing with a concept substantially different than that usually connoted by the word "parole." Parole generally denotes a release before a sentence is served. A violation of parole usually results at the most in being returned to the institution to serve the balance of the sentence. However, here the special parole term is a type of restraint that is imposed in addition to the general sentence and takes effect only after the general sentence, including any parole therefrom, has been served. Further, a violation of the condition of the terms of the special parole can result in an enhanced sentence for the length of the special parole term, which in effect constitutes a second sentence.

Since the special parole term possesses ramifications differing from ordinary parole[6] and since the provisions of the

---

6. The essence of parole is a conditional release from prison before completion of sentence. 18 U.S.C. § 4203; Morrisey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). This is the concept of "parole" that the average defendant is assumed to have. Durant v. United States, 410 F.2d 689, 692 (1st Cir. 1969).

special parole term are of recent origin, being enacted in October 1970, additional care should have been taken to make sure that the defendant understood this facet of the consequences of his guilty plea.

As we are convinced that the record does not adequately demonstrate that Richardson understood the consequénces of his guilty plea, the judgment of the District Court is reversed and the case is remanded with directions to vacate the conviction and allow defendant to plead anew to the charges. McCarthy v. United States, 394 U.S. at 468–72, 89 S.Ct. 1166.

## APPENDIX A

"THE COURT: Now, do you have an announcement, Mr. Pierce?

"MR. PIERCE [Richardson's attorney]: I do, sir. . . . As the Court knows, I have come here this morning with my client, Mr. Richardson, to try this case. Also I feel it is my duty as his attorney to tell him what I thought of the facts, that I know the government would be able to prove. . . .

"I discussed the matter with Mr. Richardson and he has advised me at this time, in the light of all the circumstances, that he wishes to change his former plea of not guilty to guilty to four of the six counts involved in this indictment.

"Now, is that right, Frank?

"MR. RICHARDSON: Yes, it is.

\*     \*     \*     \*     \*     \*

"THE COURT: What is the maximum punishment on each count?

"MR. KITCHEN [Assistant U. S. Attorney]: Each count carries a maximum punishment of fifteen years' imprisonment and a $25,000 fine. If the Court sentences the defendant to imprisonment, that imprisonment is followed by a minimum of a three-year special parole.

"THE COURT: Now, Mr. Richardson, you have had all the time you need to talk this over with your attorney, Mr. Pierce?

"MR. RICHARDSON: Yes, I have.

\*     \*     \*     \*     \*     \*

"THE COURT: Now, I understand the government has agreed that if you plead to these four counts that they will dismiss the other two counts, is that correct?

"MR. KITCHEN: Yes, your Honor, that's right.

"THE COURT: Other than that . . . has the government made you any promises of any kind to induce you to plead guilty?

"MR. RICHARDSON: No.

"THE COURT: Has anyone made you any promises that you might get off easier or that you might get paroled and might not get sentenced to prison or any sort of a promise to get you to plead guilty to these charges?

"MR. RICHARDSON: No.

"THE COURT: Do you understand the charges, what you are charged with?

"MR. RICHARDSON: Yes, sir.

\*     \*     \*     \*     \*     \*

"THE COURT: Each charge is distribution of heroin. You understand that?

"MR. RICHARDSON: Yes, sir.

\*     \*     \*     \*     \*     \*

"THE COURT: Now, do you have any reservation in your mind in any way that you are not really guilty of these charges?

"MR. RICHARDSON: No, sir.

\*     \*     \*     \*     \*     \*

"THE COURT: Now, Mr. Richardson, you understand that you have the complete right to have a jury determine your guilt or innocence on these counts, don't you?

"MR. RICHARDSON: Yes, sir.

"THE COURT: Your attorney has told you that?

"MR. RICHARDSON: Yes, sir.

"THE COURT: And he's told you, I understand, that he would be glad to try the case for you if you want to try it?

"MR. RICHARDSON: Yes, sir.

"THE COURT: That's his business, he would try it. Are you pleading guilty because you know you are guilty of these charges?

"MR. RICHARDSON: Yes.

"THE COURT: Very well, the Court will accept the plea of guilty and order a pre-sentence investigation on these charges."