Wilbur BELL, Appellee,

v.

UNITED STATES of America,
Appellant.

UNITED STATES of America,
Appellee,

v.

James Earl SAMPSON, Appellant.

Nos. 74–2280, 74–1464.

United States Court of Appeals,
Fourth Circuit.

Argued May 5, 1975.

Decided Aug. 11, 1975.

Peter S. Smith and Michael S. Elder, Baltimore, Md. [court-appointed], and Lawrence Doan and Judith Shub [appearing pursuant to Rule 13] for Wilbur Bell in No. 74–2280.

William McC. Schildt, Asst. U. S. Atty. [Jervis S. Finney, U. S. Atty., D. Md., on brief], for the United States.

Robert W. Mance, III, Columbia, S. C., for James Earl Sampson in No. 74–1464.

Michael A. Pulliam, Asst. U. S. Atty. [John K. Grisso, U. S. Atty., D. S. C., and Eric William Ruschky, Asst. U. S. Atty., on brief], for the United States.

Before WINTER, BUTZNER and WIDENER, Circuit Judges.

BUTZNER, Circuit Judge:

■ These appeals raise questions concerning the arraignment of persons subject to the imposition of the special parole term required by the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 841(b)(1)(A) and (c).[1] We conclude that a district court should not accept a plea of guilty from a defendant charged with violating 21 U.S.C. §§ 841 or 845 without first determining that the defendant understands that by his plea he subjects himself to the imposition of the Act's special parole term. The court's failure to explain the special parole term is, however, harmless error when the sentence imposed on the defendant and the special parole term do not together exceed the maximum sentence specified at arraignment. We also hold that when the sentencing judge omits the mandatory special parole term, subsequent imposition of the term does not deprive the defendant of due process of law.

I

Wilbur Bell pleaded guilty to the charge of distributing heroin in violation of 21 U.S.C. § 841(a). Before accepting his plea, the district court advised him the maximum sentence that could be imposed was 15 years,[2] but it did not mention the special parole term. It then sentenced him to six years' imprisonment. Two months later, the court resentenced Bell, amending the judgment to include a special parole term of three years.

Bell then filed a motion to vacate his sentence on the ground that the court had failed to advise him fully of the consequence of his plea. The district

1. 21 U.S.C. § 841(b)(1)(A) and (c) provide in part:

"... Any sentence imposing a term of imprisonment under this paragraph shall, in the absence of such a prior conviction, impose a special parole term of at least 3 years in addition to such term of imprisonment and shall, if there was such a prior conviction, impose a special parole term of at least 6 years in addition to such term of imprisonment."

. . . . .

"(c) A special parole term imposed under this section or section 845 of this title may be revoked if its terms and conditions are violated. In such circumstances the original term of imprisonment shall be increased by the period of the special parole term and the resulting new term of imprisonment shall not be diminished by the time which was spent on special parole. A person whose special parole term has been revoked may be required to serve all or part of the remainder of the new term of imprisonment. A special parole term provided for in this section or section 845 of this title shall be in addition to, and not in lieu of, any other parole provided for by law."

2. 21 U.S.C. § 841(b)(1)(A).

court denied the motion, reasoning that knowledge of the special parole term was legally irrelevant because the sum of Bell's six-year term and three-year special parole term was less than the court's explanation of the maximum sentence.

The mandatory special parole term imposed by the 1970 Act is unique. It is in addition to any other parole, remaining in effect after the original prison sentence has been served and the period of regular parole has expired. Also, if the special parole is revoked, the original term of imprisonment is increased by the period of the special parole. Since the statute prescribes no maximum special parole term, the additional prison sentence may be lengthy.

■■ Rule 11 of the Federal Rules of Criminal Procedure prohibits a trial court from accepting a plea of guilty without first determining that the defendant understands the consequences of his plea. Exercising its supervisory power, the Supreme Court has prescribed that compliance with the rule must appear on the record at the time the plea is entered. *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). Thus, to meet the dictates of both the rule and *McCarthy*, the record must show that the defendant was informed of those consequences of his plea that will have "a definite, immediate and largely automatic effect on the range of [his] punishment." *Cuthrell v. Director, Patuxent Institution*, 475 F.2d 1364, 1366 (4th Cir. 1973). Impressed by the unusual characteristics of the special parole term, two courts of appeals have held that it is a "consequence" of a plea within the meaning of Rule 11 that must be explained at arraignment to validate a plea of guilty. *See Roberts v. United States*, 491 F.2d 1236 (3rd Cir. 1974); *United States v. Richardson*, 483 F.2d 516 (8th Cir. 1973).

■ We decline, however, to follow the per se rule of *Roberts* and *Richardson*. We fully agree with the reasoning of these cases when the prisoner's sentence and the special parole term exceed the maximum sentence he was told he could receive. Permission to withdraw the plea is then imperative. *Cf. Pilkington v. United States*, 315 F.2d 204 (4th Cir. 1963). But when, as here, the combination is less than the maximum of which the prisoner had been advised, we perceive no warrant to conclude that he was misled. Under these circumstances, rearraignment is not necessary to either of the dual purposes of Rule 11: to insure voluntariness, or to create and preserve an adequate record of waiver. *Cf. Crawford v. United States*, 519 F.2d 347 (4th Cir. 1975).

Bell relies heavily on *Paige v. United States*, 443 F.2d 781 (4th Cir. 1971), in which we held that failure to comply with Rule 11 was not rendered harmless because the sentence actually imposed was less than the maximum mentioned at arraignment. This part of the opinion, however, must be read in the context of the error about which Paige complained. The vice of his arraignment was the failure of the court to advise him that as a second offender he was ineligible for parole. Thus, Paige was probably misled in fact. He received a term within the range of which he was advised, but he was not told that his plea would operate to deny him the eligibility for parole that he could reasonably expect and the actual parole that he could reasonably think was within his power to earn. Viewed in this light, *Paige* does not require Bell's rearraignment.[3]

The denial of Bell's motion to vacate the judgment of conviction on his plea of guilty is affirmed.

## II

James Earl Sampson, convicted on his plea of guilty of possessing heroin with

---

3. This opinion has been circulated to all members of the court and a majority agree that our ruling in *Paige* should be confined to the facts of that case and that it should not be utilized to annul Bell's arraignment.

intent to distribute in violation of 21 U.S.C. § 841(a), was sentenced to ten years' imprisonment without mention of the special parole term required by the Act. Subsequently, the court vacated this sentence and resentenced Sampson to eight years and a special parole term of three years. Although offered an opportunity to file a motion for withdrawal of his plea and stand trial on his multi-count indictment, Sampson has indicated no desire to do so. Instead, he asserts that the addition of the special parole term deprived him of due process of law because it increased his punishment.

■ Sampson's argument lacks merit. The addition of the mandatory special parole term did not enlarge the punishment the law exacted for his crime. Instead, the amended judgment lawfully corrected an illegal sentence from which the court had omitted an essential element. *Cf. Bozza v. United States,* 330 U.S. 160, 165, 67 S.Ct. 645, 91 L.Ed. 818 (1947); *Thompson v. United States,* 495 F.2d 1304 (1st Cir. 1974); *Garcia v. United States,* 492 F.2d 395 (10th Cir. 1974); *Caille v. United States,* 487 F.2d 614 (5th Cir. 1973); *United States v. Thomas,* 356 F.Supp. 173 (E.D.N.Y.1972), *aff'd* 474 F.2d 1336 (2d Cir. 1973). The due process safeguards against vindictive sentencing erected by *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), on which Sampson relies are inapplicable. The addition of the special parole term resulted from the mandate of the Act, which the district court was obliged to follow.

The judgment in Sampson's case is affirmed.

No. 74–2280 Affirmed.

No. 74–1464 Affirmed.

WIDENER, Circuit Judge (concurring and dissenting):

I concur in the opinion and judgment of the court in Sampson's case, No. 74–1464, but respectfully dissent in Bell's case, No. 74–2280.

In Sampson's case, the district court, upon discovering the mistake, allowed the defendant the opportunity to withdraw his plea and enter a plea of not guilty if he chose. The district court, in Bell's case, took the opposite view and only resentenced, adding the special parole term.

In my opinion, the course taken by the district court in Sampson's case ought to be obligatory.

While the opinion of the majority states that the vice of the arraignment in *Paige* was the failure of the court to advise Paige that, as a second offender, he was ineligible for parole, the opinion in *Paige* discloses that not only was the defendant not advised as to his ineligibility for parole but also he was not advised as to the maximum sentence for a second narcotics conviction. Thus, the facts in *Paige* are very nearly indistinguishable from the facts here.[1] Although, in truth, the advice given to Paige may have been a little more misleading than that given here, the difference is only that of small degree, for Paige was not advised of his ineligibility for parole, while Bell in the case at hand was not advised of the addition of a parole term.

In all events, in my opinion, the following quotation from *Paige* should be dispositive of this case, for the gist of the *Paige* opinion is not whether or not the defendant received, in total, a greater sentence than he was advised he might, but whether he had been advised of the full consequences of pleading guilty before he pleaded.

"The Government counters that Paige was not harmed by the court's failure to comply with Rule 11 because the sentence which Paige received was well within the maximum for a first offense. We reject this argument because there is no way by which the effect of the court's misleading state-

---

1. Neither was advised of the maximum term to which he might be confined as a consequence of a plea of guilty.

ment upon the voluntariness of Paige's guilty plea could be determined. Whether Paige would have elected to plead not guilty and put the Government to proof of his guilt had he known the full consequences of pleading guilty to a second narcotics offense is a matter of pure speculation. (Citation omitted) Thus, Paige is entitled to rearraignment on the charge which led to his second narcotics conviction, after being fully advised by the court pursuant to Rule 11 of the possible sentence which could be imposed, his ineligibility for parole, and other consequences of a guilty plea." *Paige v. United States*, 443 F.2d 781, 783 (4th Cir. 1971).