UNITED STATES of America ex rel.
Marvin BROWN, Petitioner,

v.

Ernest MORRIS and Peter
Kotsos, Respondents.

No. 77 C 2497.

United States District Court,
N. D. Illinois, E. D.

Jan. 27, 1978.

Marvin Brown, pro se.

William J. Scott, Atty. Gen. of Ill., Chicago, Ill., for respondents.

MEMORANDUM OPINION

FLAUM, District Judge:

The instant petition for a writ of habeas corpus involves an important question arising from the recent decision by the Seventh Circuit in *United States ex rel. Baker v. Finkbeiner*, 551 F.2d 180 (7th Cir. 1977). Respondent has moved to dismiss the petition, and for the reasons stated *infra* this motion is granted with leave to amend.

Petitioner, Marvin Brown, was arrested on April 10, 1976 and was charged in the Circuit Court of Cook County, Illinois pursuant to Indictment No. 76–3030 with the Unlawful Use of Weapons.[1] On July 28, 1976, petitioner went before Circuit Court Judge Mackoff and entered a plea of guilty. At that time the following dialogue took place:

> The Court: Before accepting your plea, it is my duty to advise you under the law that the offense for which you are charged, unlawful use of weapons within five years from your release from the penitentiary or five years from the time of conviction, is a class three felony under the laws of the State of Illinois, which means that if you are convicted *that you can be sentenced to serve a minimum of one year and a maximum of ten years or any number of years in between. In addition, you may be fined up to ten thousand dollars and three years mandatory parole.*
>
> Knowing all of this, do you still persist in your plea of guilty.
>
> The Defendant: Yes, sir.
>
> The Court: Let the record show that the Defendant has been advised of the consequences of his plea of guilty, and after

1. In petitioner's response to respondent's supplemental motion to dismiss filed on January 4, 1978, he withdrew any claim concerning the validity of his sentence for armed robbery pursuant to Indictment No. 74–2865.

having been so advised persists in his plea.

(Emphasis supplied).

At sentencing,[2] the State recommended a sentence of from one to two years in the penitentiary. The court, considering certain mitigating circumstances, sentenced petitioner to a term of one year to one year and a day. Petitioner thereupon served his designated sentence and was then informed that he was still under the obligations of a three-year mandatory parole term imposed by the operation of law.[3] It is this mandatory parole term which petitioner challenges.

Relying on the decision in *United States ex rel. Baker v. Finkbeiner*, 551 F.2d 180 (7th Cir. 1977), petitioner argues that his plea of guilty was unconstitutionally induced in violation of the due process clause of the fourteenth amendment because he was not told at the time he entered his plea that a three-year parole term would, as a matter of law, follow any term imposed by the sentencing court. Thus, petitioner points out that the sentencing judge did not say that the three-year mandatory parole term *would* be imposed, but rather that such a term "may" be imposed. Petitioner contends that since the *Baker* decision stands for the proposition that a defendant entering a plea of guilty must be told of the existence of a mandatory parole term affecting his sentence in order for that plea to be constitutionally valid, his plea is unconstitutional. And, since he has served the sentence imposed by the sentencing court, his plea should not be vacated so he can replead, but the mandatory parole term should be vacated.

The court cannot agree with petitioner that the *Baker* decision stands for the proposition stated above. Rather, that decision stands for a more narrow and limited rule. In *Baker*, the habeas corpus petitioner, Theodore Baker, plead guilty in the Circuit Court of Will County, Illinois to charges

that he had committed armed violence in violation of Ill.Rev.Stat. ch. 38, §§ 33A–2, 12–2(a)(1), and to charges of violating the Illinois Hypodermic Syringes and Needles Act, Ill.Rev.Stat. ch. 38, §§ 22–53. This guilty plea was entered pursuant to an agreement reached by Baker's attorney and the prosecutor with the concurrence of the trial court as well. At the time the plea was accepted Baker was not informed by his lawyer, the prosecutor, or the court that in addition to the agreed upon sentence[4] he would be required to serve a two-year mandatory parole term pursuant to the operation of law. The sentencing court did, however, inform Baker of the minimum and maximum sentences for each crime charged.

The Seventh Circuit accepted Baker's challenge to his plea and invalidated his two-year parole term. Recognizing the rule enunciated in *Boykin v. Alabama*, 395 U.S. 238, 243–44, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), that a trial court accepting a guilty plea "must use the 'utmost solicitude . . . in canvassing the matter with the accused to make sure he has a full understanding of what his plea connotes and of its consequences,'" *United States ex rel. Baker v. Finkbeiner*, 551 F.2d 180, 182–83 (7th Cir. 1977), the court held that Baker had not known the full consequences of his plea because he had been under the logical impression that his plea agreement embodied the complete terms of his contract with the state. As the court stated:

> [Baker] agreed to plead guilty in exchange for the promise of a specific sentence by the prosecutor, which was then ratified by the trial judge. Yet he was given a more onerous sentence than he had been promised.

551 F.2d at 183. Accordingly, the Seventh Circuit held that Baker's plea had been unconstitutionally induced and instead of vacating his plea ordered the state to live

---

2. Sentencing in petitioner's case immediately followed the entry of his plea.

3. Ill.Rev.Stat. ch. 38 §§ 1003–3–9(a)(3)(i), 1005–8–1(e).

4. Baker received a term of one to two years on the armed violence charge and a one year concurrent term on the other charge.

up to its side of the plea bargain as required by *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), thus nullifying the two-year parole term.

In reaching this decision, the Seventh Circuit reaffirmed and distinguished the decision in *Bachner v. United States*, 517 F.2d 589 (7th Cir. 1975). Like *Baker*, *Bachner* also concerned a challenge to the imposition of a mandatory parole term after a plea of guilty. *Bachner* involved a 28 U.S.C. § 2255 habeas corpus petition by a federal prisoner. On November 21, 1971 petitioner Bachner plead guilty to a one-count indictment charging the unlawful distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). This crime provided for the imposition of a three-year mandatory parole term in addition to any other sentence imposed by the court. At the time Bachner entered his plea he was not informed of this additional three-year parole term. He was, however, informed of the minimum and maximum prison terms (up to 15 years) for the crime charged and was thereupon sentenced to 10 years in prison.[5]

Like Baker, Bachner challenged his guilty plea on the ground that at the time he entered his plea he did not know the full consequences of his actions. Unlike Baker, however, the Seventh Circuit rejected Bachner's contention, upheld his plea, and validated his mandatory parole term. Thus, differing from the Third and Eighth Circuits in *Roberts v. United States*, 491 F.2d 1236 (3d Cir. 1974), and *United States v. Richardson*, 483 F.2d 516 (8th Cir. 1973), the Seventh Circuit held that the failure of a trial court at the time a plea of guilty is offered to inform a defendant of a mandatory parole term is not *per se* illegal. 517 F.2d at 597. The court stated that since

Bachner had been told that he could receive a maximum of 15 years in prison at the time his plea was entered, he had not been prejudiced or misled by a sentence, including the mandatory parole term, of less than the maximum.[6] The addition of the three-year mandatory parole term, accordingly did not invalidate Bachner's plea since it did not alter his sentencing "expectations" at the time of his plea.

This concept of "expectations" clearly is the reconciling factor between *Bachner* and *Baker*. The only factual difference between the two cases is the existence of a plea agreement in *Baker* binding. on the trial court. 551 F.2d at 183. In both cases the trial courts informed the defendants of the sentencing maximums and failed to inform them of the mandatory parole terms. In both cases the total terms of the defendants' sentences were less than those maximums even including the mandatory parole term. However, only in *Baker* was the defendant's "expectations" altered by the inclusion of the mandatory parole term. In fact, one wonders what purpose is served in informing a defendant of a maximum possible sentence after the trial court, by way of plea agreement, has informed the defendant of his actual sentence.[7]

In the case at bar, on the face of Mr. Brown's petition it is clear that petitioner's expectations were not altered by the imposition of the mandatory parole term. Unlike Baker, there is no allegation that a plea agreement was entered into between the defendant and the trial court.[8] Like *Bachner,* petitioner's combined sentence plus mandatory parole term was less than the maximum of 10 years Judge Mackoff informed petitioner was possible. Even if the

---

**5.** This sentence was later reduced to seven years in prison.

**6.** The sentence imposed on Bachner originally, *see* note 5 *supra*, was 10 years plus a three-year mandatory parole term for a total of 13 years, two years less than the 15 year maximum.

**7.** Of course, this court recognizes that Fed.R. Crim.P. 11 requires the court to inform a de-

fendant of the maximum term provided for under the statute.

**8.** Moreover, the excerpts of petitioner's plea belie the existence of a plea agreement. While a pretrial conference took place, the fact that the trial court rejected the prosecutor's sentencing recommendation indicates no agreement was reached. However, as stated *infra*, petitioner may seek leave to amend his petition to allege a plea agreement if one in fact existed.

**428**

judge had never informed him of the "possibility" of a mandatory parole term petitioner's plea would still have been voluntarily and knowingly entered. *Bachner v. United States*, 517 F.2d 589, 597 (7th Cir. 1975).

It may seem anomalous to some, especially petitioner, that his plea and mandatory parole term are valid while Baker's were not. However, this result is mandated by *Bachner's* ruling that the failure to inform a defendant entering a plea of guilty of the existence of a mandatory parole term would not alter that defendant's decision to plead, 517 F.2d at 597, absent an alteration of the defendant's legitimate sentencing expectations. Accordingly, the petition for a writ of habeas corpus is dismissed and petitioner may seek leave to amend within 20 days to allege the existence of a plea agreement binding on the trial court.

It is so ordered.