CELEBREZZE, Circuit Judge.
This is yet another case involving a 28 U.S.C. § 2255 motion to vacate a sentence entered upon a guilty plea taken in violation of Federal Rule of Criminal Procedure 11. We reaffirm this circuit’s position requiring strict adherence to Rule 11 and allowing deviation therefrom to be challenged in a § 2255 proceeding. We reverse the district court’s denial of relief.
Charles Timmreck entered a plea of guilty to conspiracy to distribute a controlled substance, 21 U.S.C. § 846, on May 24, 1974, pursuant to a plea bargain which resulted in the dismissal of other charges pending against him. The district court inquired as to the voluntariness of the plea and informed Timmreck that he could be sentenced to as much as fifteen years confinement and a $25,000 fine, which he acknowledged understanding. The record does not reflect, however, that the court informed Timmreck, or that he otherwise knew, about the three year minimum mandatory special parole term that 21 U.S.C. § 841(b)(1)(A) requires to be added to any other sentence meted out for the offense charged.[1] The court accepted the guilty plea and, on September 19, 1974, sentenced Timmreck to ten years in prison, a $5000 fine, and an additional special parole term of five years. No appeal followed.
On August 11, 1976, Timmreck moved pursuant to 28 U.S.C. § 2255 to *374 vacate the sentence entered upon his guilty plea. "The sole ground for the motion was that his plea had been accepted in violation of Rule 11 since he was not informed of the three year minimum mandatory special parole term that had to be added to whatever sentence he otherwise received. The district court agreed that such advice had not been given. It noted, however, that Timmreck had been sentenced to ten years confinement plus five years special parole, the total of which was within the fifteen years he had been told was possible, and that the $5000 fine was within the $25,000 limit explained to him. Because Timmreck’s total actual sentence did not exceed the maximum outlined to him at the plea hearing, the district court found no fundamental unfairness and denied § 2255 relief on that basis. 423 F.Supp. 537 (E.D. Mich.1976).
The holding of the district court is squarely contrary to United States v. Wo-lak, 510 F.2d 164 (6th Cir. 1975). See also United States v. Cunningham, 529 F.2d 884, 888 n. 2 (6th Cir. 1976). Wolak, legally indistinguishable from this cause, also involved a § 2255 motion to vacate a sentence after a plea of guilty to a violation of the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 801 et seq.[2] The district court in Wolak failed to explain to the defendant that a consequence of his guilty plea would be the imposition of at least a three year special parole term in addition to any custodial sentence.[3] We held that the district court erred both in not explaining the mandatory nature of the special parole and in misstating the required three year minimum term. 510 F.2d at 166. It was “our determination that, in order to comply with Rule 11, the district judge must inform a defendant of the minimum sentence, either custodial or parole where there is a mandatory minimum, and of any special limitations on parole or probation.” Id. We reversed the denial of the § 2255 motion and instructed the district court to vacate the sentence and permit the defendant to plead anew. The same result must obtain here.
The district court was aware of our decision in Wolak but did not deem it controlling.[4] Instead, the court relied heavily upon several recent cases from other circuits, discussed infra, which have held that Rule 11 violations do riot entitle one to § 2255 relief unless the error was a “fundamental defect which inherently results in a complete miscarriage of justice.”[5] We decline to follow these cases which we consider contrary both to Wolak and relevant Supreme Court authority.[6]
*375 The starting point for any Rule 11 case must be McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). In McCarthy, the Supreme Court mandated strict compliance with Rule 11 before a district court can accept a guilty plea. The Court held “that prejudice inheres in a failure to comply with Rule 11, for noncompliance deprives the defendant of the Rule’s procedural safeguards that are designed to facilitate a more accurate determination of the voluntariness of his plea.” Id. at 471-72, 89 S.Ct. at 1173. The remedy required for a Rule 11 violation was allowing the defendant to plead anew.
In the wake of McCarthy’s strict language, every circuit to address the issue through 1974 held that the very factual pattern presented here (/. e., failure to inform the defendant of the mandatory special parole term of § 841(b)) was a violation of Rule 11 which required vacation of the sentence entered upon the guilty plea. The cases also held this issue could be raised in a § 2255 proceeding. Michel v. United States, 507 F.2d 461 (2d Cir. 1974);[7] Roberts v. United States, 491 F.2d 1236 (3d Cir. 1974); United States v. Richardson, 483 F.2d 516 (8th Cir. 1973).
After 1974, however, the results began to diverge. All circuits addressing the issue presented here continued to hold that failure to inform a defendant of the special parole term constitutes a violation of Rule 11, making vacation of sentence necessary if challenged on direct appeal. But the circuits have split on whether such a Rule 11 violation can be successfully challenged in a § 2255 proceeding. Three circuits still allow a § 2255 movant to vacate his sentence and plead anew. Bunker v. Wise, 550 F.2d 1155 (9th Cir. 1977);[8] United States v. Yazbeck, 524 F.2d 641 (1st Cir. 1975);[9] United States v. Wolak, 510 F.2d 164 (6th Cir. 1975). Five other circuits, including the second and eighth which had ruled otherwise before 1974, have opted for a different result. These courts have held that a § 2255 movant is entitled to vacation of his sentence only if he can demonstrate prejudice from the Rule 11 violation.[10] Del Vec-chio v. United States, 556 F.2d 106 (2d Cir. 1977); United States v. Hamilton, 553 F.2d 63 (10th Cir.), cert. den. 434 U.S. 834, 98 S.Ct. 122, 54 L.Ed.2d 96 (1977);[11] McRae v. United States, 540 F.2d 943 (8th Cir. 1976), cert. den. 429 U.S. 1045, 97 S.Ct. 750, 50 L.Ed.2d 759 (1977);[12] Bell v. United States, 521 F.2d 713 (4th Cir. 1975), cert. den. 424 U.S. 918, 96 S.Ct. 1121, 47 L.Ed.2d 324 (1976); Bachner v. United States, 517 F.2d 589 (7th Cir. 1975). Section 2255 relief was denied in each of these cases since no prejudice was thought to exist when, like here, the defendant’s actual sentence, including the special parole term, was within the maximum possible sentence specified at his plea hearing.
The reason for this sudden shift after 1974 was the decision that year of Davis v. United States, 417 U.S. 333, 94 S.Ct. 2298, *376 41 L.Ed.2d 109 (1974). Davis did not involve a guilty plea but rather dealt with § 2255 relief after a jury conviction. The Supreme Court held that a change in the law after conviction, and not just constitutional errors at trial, could serve as the basis for a § 2255 proceeding. The Court added a paragraph of dicta, however, which we reproduce here in full:
This is not to say, however, that every asserted error of law can be raised on a § 2255 motion. In Hill v. United States, 368 U.S. 424, 429, 82 S.Ct. 468, 472, 7 L.Ed.2d 417 (1962), for example, we held that “collateral relief is not available when all that is shown is a failure to comply with the formal requirements” of a rule of criminal procedure in the absence of any indication that the defendant was prejudiced by the asserted technical error. We suggested that the appropriate inquiry was whether the claimed error of law was “a fundamental defect which inherently results in a complete miscarriage of justice,” and whether “[i]t . . . presents] exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.” Id., at 428, 82 S.Ct. [468] at 471 (internal quotation marks omitted). The Court did not suggest that any line could be drawn on the basis of whether the claim had its source in the Constitution or in the “laws of the United States.” 417 U.S. at 346, 94 S.Ct. at 2305.
This paragraph has been seized upon by four of the five circuits requiring a § 2255 movant to show prejudice in order to vacate a sentence entered upon a plea of guilty taken in violation of Rule ll.[13] Del Vec-chio, 556 F.2d at 110; Hamilton, 553 F.2d at 65; McRae, 540 F.2d at 945; Bachner, 517 F.2d at 591. It was also relied upon by the district court here. 423 F.Supp. at 539. These courts have held that the conceded Rule 11 error is not cognizable in a § 2255 proceeding when the defendant’s total actual sentence is within that specified at the plea hearing. This is justified by reference to Davis, concluding that “the claimed error of law was [not] ‘a fundamental defect which inherently results in a complete miscarriage of justice.’ ” See Del Vecchio, 556 F.2d at 110-11; Hamilton, 553 F.2d at 66; McRae, 540 F.2d at 945; Bachner, 517 F.2d at 592-93. See also Bell, 521 F.2d at 714-15 (harmless error analysis).
We are thus faced with the difficult task of reconciling the somewhat contradictory language of the Supreme Court in McCarthy and Davis. On the one hand, the Court said in its unanimous [14] decision in McCarthy that “prejudice inheres in a failure to comply with Rule 11.” 394 U.S. at 471, 89 S.Ct. at 1173. On the other hand, at first blush the Rule 11 violation at issue here does not seem to rise to the level of a “fundamental defect which inherently results in a complete miscarriage of justice.” 417 U.S. at 346, 94 S.Ct. at 2305.
Our decision is controlled, however, by our prior post-Davis decision in Wolak.[15] Moreover, between McCarthy and *377 Davis we consider McCarthy more apposite to this cause. McCarthy was, as this, a Rule 11 case and the Supreme Court hinted at no exceptions to its policy of strict enforcement of Rule 11. The relevant paragraph in Davis was dicta which relied on Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962), which involved a violation of Federal Rule of Criminal Procedure 32(a) allowing a defendant to speak on his behalf before imposition of sentence. Admittedly McCarthy involved a direct appeal but if “prejudice inheres in a failure to comply with Rule 11,” then it must be cognizable in a § 2255 proceeding. We reconcile McCarthy and Davis by holding that a Rule 11 violation is per se prejudicial and thus must be a “fundamental defect which inherently results in a complete miscarriage of justice.” We feel that any other reconciling of the two cases which emphasizes Davis over McCarthy should come only from the Supreme Court.[16]
We recognize that our decision “erodes the principle of finality in criminal cases and may allow an obviously guilty defendant to go free because it is impossible, as a practical matter, to retry him,” Del Vecchio, 556 F.2d at 109 (footnote omitted), since memories fade and witnesses become unavailable over time. Finality is a salutary principle which should be furthered by the courts. Blackledge v. Allison, 431 U.S. 63, 71-72 & 83-84, (Powell, J., concurring) 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977); Henderson v. Kibbe, 431 U.S. 145, 154 n. 13, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977). Finality is best served, however, by insisting that guilty pleas be accepted properly initially rather than by narrowing the scope of collateral relief. The failure to preserve finality in this and similar cases must be laid squarely at the feet of the United States Attorneys and their assistants who fail to exercise the rather small degree of care necessary to comply with Rule ll.[17] The Supreme Court said in McCarthy that one purpose of requiring strict adherence to Rule 11 was to “reduce the great waste of judicial resources required to process the frivolous attacks on guilty plea convictions that are encouraged, and are more difficult to dispose of, when the record is inadequate.” 394 U.S. at 472, 89 S.Ct. at 1174. The large number of Rule 11 errors in the reported cases suggests that this admonition is not being heeded.[18] We hope that our ruling herein will motivate strict compliance with Rule 11 in the future.
The judgment of the district court is reversed and the cause is remanded with instructions to vacate the sentence entered upon the guilty plea and to allow Timmreck to plead anew.

. The three year minimum mandatory special parole term mandated by 21 U.S.C. § 841(b)(1)(A) is unlike ordinary parole in that it must be tacked onto the end of any other sentence and does not take effect until the expiration of the primary sentence, including ordinary parole. See Roberts v. United States, 491 F.2d 1236, 1237-38 (3d Cir. 1974); United States v. Richardson, 483 F.2d 516, 518 (8th Cir. 1973).

. Wolak also involved the pre-1975 amendment version of Rule 11, which required only that the defendant plead “voluntarily with understanding of the nature of the charge and the consequences of the plea.” The result we reach here and that reached in Wolak are compelled a fortiori by new Rule 11, which specifically requires that the defendant understand “the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.” The three year minimum mandatory special parole term would affect both the mandatory minimum and maximum possible penalties. See United States v. Yazbeck, 524 F.2d 641, 643 n. 1 (1st Cir. 1975).

. As noted by the district court here, the district court in Wolak did mention the special parole term to the defendant at the plea hearing but incorrectly explained it when the defendant indicated he did not understand it. There can be no reasoned distinction, however, between an affirmative misstatement of the provisions of the special parole term and failure to disclose that it exists at all.

. The district court apparently felt Wolak was distinguishable from this cause. The district court gave no explanation, however, for ignoring similar language found in United States v. Cunningham, 529 F.2d 884, 888 n. 2 (6th Cir. 1976), even while quoting the relevant language in its entirety, 423 F.Supp. at 539 n. 2.

. This language, adopted by other circuits, comes from Davis v. United States, 417 U.S. 333, 346, 94 S.Ct. 2298, 2305, 41 L.Ed.2d 109 (1974), quoting in turn from Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962), discussed infra.

. The district courts in this circuit are, of course, bound by pertinent decisions of this Court even if they find what they consider more persua'sive authority in other circuits. See Doe v. Charleston Area Medical Center, Inc., 529 F.2d 638, 642 (4th Cir. 1975); Union *375 Carbide Corp. v. Graver Tank & Mfg. Co., 345 F.2d 409, 411 (7th Cir. 1965).

. In Michel the defendant could not take advantage of this holding since he had been informed of the required special parole term, but the holding in Michel was held to apply retroactively in Ferguson v. United States, 513 F.2d 1011 (2d Cir. 1975).

. See also United States v. Harris, 534 F.2d 141 (9th Cir. 1976) allowing withdrawal of a guilty plea for this Rule 11 violation pursuant to Federal Rule of Criminal Procedure 32(d).

. It is not clear whether Yazbeck was a § 2255 or Rule 32(d) case. In any event, the motion to vacate the sentence was made eight months after the guilty plea was accepted.

. The position of the District of Columbia circuit is ambiguous. When presented with the issue, it remanded the cause to the district court with directions to treat the § 2255 motion to vacate as a Rule 32(d) motion. United States v. Watson, 179 U.S.App.D.C. 103, 548 F.2d 1058 (1977).

. See also United States v. Eaton, 579 F.2d 1181 (10th Cir. 1978), following Hamilton, and noting that the special parole term could be for life.

. See also United States v. Kattou, 548 F.2d 760 (8th Cir. 1977), United States v. Rodrigue, 545 F.2d 75 (8th Cir. 1976), and United States v. Ortiz, 545 F.2d 1122 (8th Cir. 1976), following McRae.

. Bell, 521 F.2d at 715, reached this result without citation of Davis.
The fourth circuit did, however, rely upon Davis (and, inter alia, Del Vecchio, Hamilton and McRae) in reaching the same result in a case involving a different Rule 11 violation. United States v. White, 572 F.2d 1007 (4th Cir. 1978). The court in White did not even cite Bell for support.

. Justice Black filed a separate concurring opinion. *377 See Del Vecchio and McRae, supra, modifying Michel (and Ferguson) and Richardson, supra, respectively.

. One panel of this Court cannot overrule the decision of another panel; only the Court sitting en banc can overrule a prior decision. See Doraiswamy v. Secretary of Labor, 180 U.S. App.D.C. 360, 375-76 n. 119, 555 F.2d 832, 847-48 n. 119 (1976), and cases cited therein; Doe v. Charleston Area Medical Center, Inc., 529 F.2d 638, 642 (4th Cir. 1975); McClure v. First Nat’l Bank, 497 F.2d 490, 492 (5th Cir. 1974), cert. den. 420 U.S. 930, 95 S.Ct. 1132, 43 L.Ed.2d 402 (1975).
We recognize that neither Wolak nor any of the other cases reaching the same result after Davis mention Davis. This is probably because the holding of Davis is irrelevant to the issue presented; only the paragraph of dicta quoted earlier is relevant. Nevertheless, we do not believe that Wolak’s failure to cite Davis serves as a basis for distinguishing it. We believe the courts which contend that the quoted paragraph of Davis represented a new development in the law are incorrect since the paragraph at issue consists almost entirely of a quotation from and paraphrase of a case decided in 1962.

. Given the frequency with which this issue arises and the severe split among the circuits, hopefully the Supreme Court will resolve this issue in the near future. Every circuit except the fifth, cf. Johnson v. United States, 542 F.2d 941 (5th Cir. 1976), cert. den. 430 U.S. 934, 97 S.Ct. 1559, 51 L.Ed.2d 780 (1977) (§ 2255 relief denied for other Rule 11 violation), has expressed its position on this issue which is at the heart of the administration of the federal drug laws in particular (the effect of 21 U.S.C. § 841(b)) and all federal criminal laws in general (the scope of § 2255 relief after Davis.)

. The district courts, of course, are also responsible for Rule 11 errors since Rule 11 is directly addressed to the court accepting the guilty plea. If the district court does not fully comply with Rule 11, the government attorney should realize this and take steps to insure the necessary colloquy is placed in the record.

. “This case is another of the many we have had that attack a conviction on a guilty plea because the district judge allegedly failed to follow the directions of Fed.R.Crim.P. 11.” Del Vecchio, 556 F.2d at 107.
“These appeals challenging two guilty pleas and sentences thereon arise, like many others, from omissions by trial judges to advise a defendant at a hearing on a plea of guilty of special provisions of the federal narcotics laws relating to sentencing . . . .” Bachner, 517 F.2d at 590-91 (footnote omitted).
The above quoted sentences are the very first sentences in each of the above cases, suggesting the courts’ frustration with this problem.