944 F.2d 901
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Earl S. HUNTER, Petitioner-Appellant,
v.
Richard S. LINDLER, Warden, Respondent-Appellee.
 No. 90-6070.
 United States Court of Appeals, Fourth Circuit.
 Argued June 6, 1991.
Decided Sept. 13, 1991.
As Amended Dec. 9, 1991.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Matthew J. Perry, Jr., District Judge. (CA-89-2147-3)
 Stephen John Henry, Taylor, Stephenson & Henry, Greenville, S.C., for appellant.
 Donald John Zelenka, Chief Deputy Attorney General, Columbia, S.C., for appellee.
 D.S.C.
 AFFIRMED.
 Before ERVIN, Chief Judge, and MURNAGHAN and WILKINSON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Earl S. Hunter, appellant and petitioner below, entered a plea of guilty to two counts of assault with intent to kill and one count of armed robbery in November of 1986 in the Aiken County Court of General Sessions, South Carolina. Hunter was subsequently sentenced to thirty-five years' imprisonment without possibility of parole. No direct appeal was taken. Instead, Hunter filed a petition for postconviction relief under 28 U.S.C. § 2254 urging, inter alia, that the hearing court's and his counsel's failure to inform him that, as one convicted of a second "violent crime," he was ineligible for parole, rendered his plea involuntary and unintelligent and denied him effective assistance of counsel. The petition was denied, as was Hunter's subsequent writ of certiorari to the South Carolina Supreme Court.
 
 
 2
 Hunter then renewed his petition in the United States District Court for the District of South Carolina, raising only the issue of mistaken advice on parole eligibility. The petition was referred to a United States Magistrate for a report and recommendation. Richard S. Lindler, the respondent below and appellee here, moved for summary judgment. The magistrate recommended that Hunter's writ be granted and that the motion for summary judgment of Lindler be denied. However, the district court declined to adopt those recommendations and entered summary judgment in Lindler's favor. Hunter has appealed.
 
 
 3
 The case is one where the plaintiff has a valid objection on one point raised by him, but, in the end, loses on a second point rendering the first harmless.
 
 
 4
 As part of a plea agreement, Hunter was indicted on one count of armed robbery and two counts of assault with intent to kill.[1] He elected to plead guilty, and the plea hearing was held November 6, 1986. At the plea hearing, he was advised that he could receive a maximum sentence of twenty-five years on the armed robbery charge and ten years on each of the assault and battery charges. Hunter elected to proceed with his guilty plea.
 
 
 5
 Hunter was advised of the charges against him, of the maximum sentences he faced, and of the fact that the trial judge could not suspend any portion of the sentence. He understood that he was waiving his constitutional rights to remain silent and to a jury trial, as well as the presumption of innocence. At the time of his guilty plea, Hunter represented to the court that he had not been promised anything to plead guilty, nor that he had been threatened. Hunter also advised the court that he believed his attorney had "done the best he could." After finding that he was not under the influence of any drugs or other disorder, the court accepted Hunter's guilty plea as voluntary. The judge advised him that on the assault charges, he could receive a maximum sentence of ten years. On the armed robbery charge, the court advised Hunter,
 
 
 6
 You could receive a minimum sentence of ten years, a maximum sentence of twenty-five years and will not be eligible for parole until you have served at least seven years.
 
 
 7
 No one corrected the judge's statement, nor did anyone, at that time, call the judge's attention to the fact that, as a second offender, Hunter would not be eligible for parole. Interestingly, later in the plea hearing, the solicitor commented on the provisions of the Omnibus Criminal Justice Improvement Act,[2] but without explaining those provisions to Hunter.
 
 
 8
 In discussing a co-defendant's sentence, the solicitor noted that he had received a 1975 conviction with a twenty-four year sentence
 
 
 9
 which brings it within the ten years for consideration. Mr. Hunter [the petitioner] appears to have a prior conviction for armed robbery and assault and battery of a high and aggravated nature also in 1975. He was paroled in 1979.
 
 
 10
 At no time during the hearing did anyone explain the significance of this conversation to Hunter. The only information provided to Hunter was the judge's comment that he had to serve the mandatory minimum sentence of seven years for armed robbery before he would be eligible for parole. The judge, therefore, implicitly told Hunter he would be eligible for parole after serving a minimum sentence of seven years. Hunter was sentenced to twenty-one years on the armed robbery charge and seven years on each of the assault and battery charges, for a total of thirty-five years. He could have been sentenced to an aggregate of forty-five years, without the possibility of parole.
 
 
 11
 Hunter has claimed that his guilty plea was involuntary and that his counsel was ineffective because he failed to advise Hunter that as a second offender, Hunter would not be eligible for parole.
 
 
 12
 It may be assumed that, to the extent relied on, uncorrected, erroneous advice that parole might be obtainable after seven years, whereas, under applicable law, no parole would be available during the entire thirty-year sentence, would represent an error of magnitude to a defendant deciding whether to plead guilty or not. However, in Hunter's case, absence of such reliance was so clearly established that the syllogism on which Hunter relies is not relevant.
 
 
 13
 The district court's and counsel's failure to inform Hunter that he would be ineligible for parole prior to accepting his guilty plea did not render his plea involuntary and unintelligent because considerations of parole did not play a substantial part in Hunter's decision to enter the plea. For the same reason, trial counsel for Hunter was not constitutionally ineffective for failing to inform Hunter that Hunter would be ineligible for parole if convicted.
 
 
 14
 The critical factor is whether there was any demonstration that the defendant relied on the erroneous advice in entering his guilty plea. See Strader v. Garrison, 611 F.2d 61 (4th Cir.1979); Paige v. United States, 443 F.2d 781 (4th Cir.1971). The subject of parole eligibility was not mentioned by either Hunter or his counsel prior to the time that the judge who accepted his plea misspoke on the question of parole eligibility when he informed Hunter of the maximum penalties he faced on each charge. Thus, the question for our consideration is whether there is any evidence in the record to suggest that, in agreeing with his counsel to enter a plea of guilty, Hunter somehow assumed that any sentence flowing from the entry of a guilty plea would result in at least some degree of parole eligibility, and that such an assumption was reinforced when the judge accepting his plea misspoke on the issue.
 
 
 15
 Hunter admitted he had been willing to accept the prosecution's deal "because I felt like anything I got would be better than life." He admitted his counsel had told him that he had no defense. Counsel, in mitigation, admitted Hunter's guilt (as did Hunter also) and went on to say that Hunter wanted "to pay for it."
 
 
 16
 In admitting his guilt, Hunter requested his counsel to get him the best deal possible. All in all, we are satisfied that the district judge below committed no reversible error in concluding that the length of parole eligibility service did not enter into Hunter's calculations as to whether to plead guilty. Error there was, but reliance upon misinformation leading to prejudice there was not. See Strickland v. Washington, 466 U.S. 668, 692 (1984). The sentence he received was a flat thirty-five years without possibility of parole as compared to a possible maximum of eighty years with no parole eligibility for at least fifty years if he proceeded to trial and was found guilty of all crimes with which he was charged. Thus, Hunter's repeated assertions in the record that he knew he was guilty of all of the crimes for which he was charged, and his repeated contentions that he simply wanted the best possible deal his counsel could get him, leave us convinced that Hunter did not rely on the prospect of parole eligibility in choosing to enter a plea of guilty.
 
 Accordingly, the judgment is
 
 17
 AFFIRMED.
 
 
 
 [1]
 Initially, Hunter faced one count of burglary in the first degree, four counts of assault with intent to kill, and one count of armed robbery. The record reveals that Hunter's counsel informed Hunter that counsel had succeeded in convincing the prosecutor to reduce the burglary charge to burglary in the second degree and later to make an entry of nolle prosequi as to that count. The entry was made as part of the plea agreement
 
 
 [2]
 The South Carolina Omnibus Criminal Justice Improvements Act was passed approximately six months prior to the acceptance of Hunter's guilty plea. That act provides, in part, that a person convicted of a second violent offense within ten years cannot receive parole. See S.C.Code Ann. § 24-21640