Ronald Lynn JOHNSON,
Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 75–3030.

United States Court of Appeals,
Ninth Circuit.

Aug. 3, 1976.

Michael McCabe, Federal Public Defender (argued), San Diego, Cal., for plaintiff-appellant.

Douglas Kendricks, Asst. U. S. Atty. (argued), Terry J. Knoepp, U. S. Atty., Stephen G. Nelson, Asst. U. S. Atty., on the brief, San Diego, Cal., for defendant-appellee.

OPINION

Before KOELSCH, TRASK and KENNEDY, Circuit Judges.

ANTHONY M. KENNEDY, Circuit Judge:

Ronald Johnson petitioned the district court, 28 U.S.C. § 2255, to set aside his March 30, 1973 plea of guilty to three counts of conspiracy to import and importation of marijuana into the United States. The district court denied the petition without a hearing, and Johnson appeals.

Johnson challenges his guilty plea on three grounds: (1) that the plea was based upon an erroneous belief that the admissibility of certain evidence against him could not be challenged; (2) that he was unaware of the nature of the special parole term mandated by 21 U.S.C. § 841(b)(1)(B); and (3) that the plea was induced by promises to release his wife, who was being held in custody on related charges and who had allegedly suffered abuse from custodians and fellow inmates. We consider these contentions in order.

On October 4, 1972 Johnson and six other individuals were charged in the Southern District of California on a 64-count indictment involving the importation and distribution of marijuana. Shortly thereafter Johnson was charged in the Central District of California on a 62-count indictment involving the distribution of heroin. Both cases were based upon evidence obtained as a result of court ordered electronic surveillance. In the Central California case Johnson moved to suppress evidence secured from the electronic surveillance, but his motion was denied. He thereafter pleaded guilty to multiple counts in the Central California indictment.

In the Southern District of California, after discussion between Johnson's counsel and the office of the United States Attorney, Johnson entered a plea of guilty to three counts of the indictment and the remaining 61 counts were dismissed.[1] Johnson did not challenge the electronic surveillance in that proceeding.

Appellant argues that his guilty plea in the Southern District of California was not voluntarily and intelligently made because by mistake he was unaware of a potentially strong argument for suppressing the evidence resulting from the electronic surveillance. His failure to move to suppress the evidence in the Southern District case, he now contends, occurred because he was not

---

1. The Government reserved the right to argue for the maximum sentence as to these three counts and the district court so informed the appellant prior to accepting his guilty plea.

advised of the whereabouts of one Henry Rivera, Jr., whose affidavit was used by the Government in securing the order permitting the electronic surveillance. Johnson avers that his attorney knew where to locate Rivera at the time the plea was entered but did not so advise Johnson. Apparently, Johnson's attorney had informed the court that Rivera had been found in Texas, but not knowing whether it was the right man, he failed to inform his client of this development. Appellant argues that had he known Rivera had been located, he would not have entered the guilty plea.

We cannot agree with this attempt to characterize the plea as involuntary. A guilty plea invariably is made without complete foresight of the possible outcome of alternative procedures that might have been undertaken. Thus, an accused, with the assistance of his attorney, must examine the evidence which the Government has amassed against him, consider possible defenses, weigh the costs and benefits of proceeding to trial and ultimately decide, in light of the information then available, whether to enter a guilty plea. *See Tollett v. Henderson,* 411 U.S. 258, 268, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). There is no guarantee that the accused will make the correct decision or that in hindsight such plea will not reflect an error in fact or judgment. Such uncertainty, which after all is the linchpin of every plea bargain, is inherent in a guilty plea and does not make the plea involuntary.

Appellant does not suggest that he was in any way misled by the court or the Government. His sole contention is that his own attorney failed to inform him of certain underlying facts which might have caused him to take a different route. Unless, however, an omission is so egregious as to raise an issue of incompetent representation, the failure of an attorney to disclose some facts to the client will not be a basis for challenging a guilty plea. *See Gaxiola v. United States,* 481 F.2d 383, 385 (9th Cir. 1973).

The record discloses that appellant was represented by retained counsel with whom he declared himself satisfied. Appellant does not now challenge the competence of his attorney, and we find no basis for disturbing the district court's finding that appellant was afforded "reasonably competent" representation under the standards of *McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970).

Appellant next challenges the voluntariness of his plea on the basis that he did not understand the nature of the special parole term which the district court is required to impose under the terms of 21 U.S.C. § 841(b)(1)(B), in addition to any prison sentence. We have recently held that failure to inform the defendant of the existence of the mandatory special parole term prior to accepting his guilty plea is a sufficient basis for vacating the plea. *United States v. Harris,* 534 F.2d 141 (9th Cir. 1976). *Accord, Roberts v. United States,* 491 F.2d 1236, 1237–38 (3d Cir. 1974). *But see Bell v. United States,* 521 F.2d 713, 715 (4th Cir. 1975); *Bachner v. United States,* 517 F.2d 589, 596–97 (7th Cir. 1975); *id.* at 599 (Judge, now Justice, Stevens, concurring). In this case, however, appellant concedes that the district court advised him that a special parole term would be imposed, but argues that the court was required to go further and explain to him the nature and consequences of this new type of sanction.

We have examined the transcript of the hearing where the plea was entered. The district judge carefully examined the appellant on whether he understood the rights he waived by the plea and expressly enumerated them on the record. The judge also inquired whether the defendant understood the maximum sentence that could be imposed as a result of a plea of guilty. Upon satisfying himself that appellant was aware of the penalty, the district judge pointed out that the sentence could be imposed to run consecutively with any sentence appellant might suffer in pending state court proceedings. The court then explained to appellant that in addition to any prison sentence and any fine which might be im-

posed under federal law, the statute required the imposition of a special parole term. The defendant stated that he understood all of this. The court then twice repeated that the special parole term was mandatory for two years, but that the Court could impose it for as long as it deemed proper.[2]

In *Michel v. United States,* 507 F.2d 461 (2d Cir. 1974) the Second Circuit upheld the validity of a guilty plea based upon a substantially less detailed explanation of the parole term by the district court.[3] *See also United States v. Richardson,* 483 F.2d 516, 519 (8th Cir. 1973). Here appellant was represented by retained, competent counsel and had been previously involved with drug violations. The transcript shows a separate and accurate description of the special parole term was given to the defendant by the trial court. We hold that this explanation was fully adequate to apprise him that the special parole term would be a sanction above and beyond any fine or imprisonment he might suffer, and not in lieu of it, as appellant claims to have understood. The district court properly refused to overturn the conviction on this ground.

■ Appellant further claims that his guilty plea was induced by fear for the safety of his wife, who was in custody on related charges. Donna Johnson, who at the time of her arrest was pregnant, charges in an affidavit appended to her husband's petition, that she was mistreated by custodial personnel, was given inadequate medical attention, had suffered serious loss of weight and had been the subject of a sexual assault by fellow inmates. Johnson contends that the conditions of his wife's custody had come to his attention and he became concerned about her well-being and that of her unborn child. He alleges that he was induced to plead guilty by the promise to permit his wife to enter a plea bargain also, which might result in her release from custody. Otherwise, he contends, the prosecutor had refused to plea bargain at all with his wife.

An examination of the transcript of the guilty plea proceedings of both appellant and his wife convinces us that the plea was not an involuntary one. The experienced district judge first inquired whether the appellant's plea was made voluntarily, with a clear and full understanding of the charges. He then asked whether threats had been made against him or any member of his family to induce a guilty plea. He further inquired whether he had been promised any reward to induce the guilty plea. Appellant answered affirmatively to the first question and negatively to the second and third. The court then examined the defendant on the underlying facts of each of the charges against him, and the appellant gave details of his criminal activities. The court thereupon concluded:

> Very well, the Court finds that, based upon the demeanor and physical condition

2. The full explanation of the district court on the matter of the special parole term was as follows:

> THE COURT: All right. In addition to the sentence of five years on each of the three counts, and/or $15,000.00, there is a Special Parole Term on each of the three counts that could run a minimum of two years on each of the three counts; do you understand that?
> THE DEFENDANT: Yes, I do[.]
> [THE COURT:] [A]nd, of course, I think insofar as the maximum is concerned of the Special Parole, the court can make it what, Mr. Lievanos?
> PROBATION OFFICER: There is no maximum, Your Honor.
> THE COURT: Can make a Special Parole ad infinitum. All right. So, it is a minimum of two, if the Court imposes the Special Pa-

> role, and I think it is mandatory that it does, but even if it isn't, this Court normally does impose a Special Parole, and will in this case.
> If you are sentenced to prison, the minimum is two years, and, apparently, the maximum is something in excess of whatever that is, ad infinitum, I suppose, but I don't think I would impose that kind of a parole.

3. The full colloquy on the special parole term between the court and the accused in *Michel* was as follows:

> *In addition,* the Court must impose a minimum special parole term no less than three years. Do you understand that?
> The Defendant Michel: Yes.

507 F.2d at 463 (emphasis added by Second Circuit).

of the defendant, his plea of guilty is made freely and voluntarily and with a full and clear understanding of the nature of the charges against him, and the consequence of his guilty plea, the Court accepts the Defendant's guilty plea.

A similarly detailed procedure was followed by the court in Donna Johnson's case. We have held that,

> an accused who has received the guidance of competent counsel should not be allowed to disown voluntary admissions in open court unless there is cause "to question (their) accuracy and reliability."

*Gaxiola v. United States, supra,* 481 F.2d at 386, *quoting Brady v. United States,* 397 U.S. 742, 758, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). Appellant has not purported to bring to light facts involving possible Government misconduct which he only recently discovered. Appellant could have mentioned these facts to the district judge at the time of his guilty plea, or shortly thereafter. The fact that appellant chose to wait for two years after his plea to make any mention of these circumstances casts serious doubt on the sincerity of the allegations. We are aware, as no doubt is the appellant, that dimmed memories and attrition of evidence due to the passage of time would make a retrial of the charges against the defendant difficult. Under the circumstances we see no error in the district court's refusal to grant the petition on this ground.

AFFIRMED.