**James R. MOORE, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 77–1986.**

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 8, 1979.

Decided Feb. 20, 1979.

Ralph S. Spritzer, Philadelphia, Pa., for appellant.

Elizabeth H. Trimble, Asst. U. S. Atty. (Russell T. Baker, Jr., U. S. Atty., Baltimore, Md., on brief), for appellee.

Before BUTZNER and RUSSELL, Circuit Judges, and FIELD, Senior Circuit Judge.

BUTZNER, Circuit Judge:

James R. Moore appeals from the district court's dismissal of his petition to set aside his guilty plea and his sentence. We remand with instructions to reduce the sentence or set aside the plea.

Moore entered into a bargain to plead guilty to one count of a two-count indictment charging violations of the narcotics laws, in return for the government's promise to drop the other count of the indictment and to recommend a 12-year prison sentence. In summarizing the applicable penalties before accepting the guilty plea, the district court correctly informed Moore that the relevant criminal statute required a special parole term of at least three years. This portion of the examination went as follows:

> THE COURT: Well, under the law on which this first court is based . . . the possible maximum penalty is a fine of up to $25,000 or imprisonment for up to 15 years, and if any period of confinement is imposed, the law requires the imposition of a special parole term of at least three years. Do you understand that's the possible maximum penalty under the law in this case?
> DEFENDANT MOORE: Yes, sir.

The court then permitted Moore to change his plea to guilty. After the government recommended a sentence of 12 years and dropped the other count of the indictment, the court sentenced Moore to 15 years, the maximum possible prison term, and to an additional three-year special parole term.

Shortly after he was incarcerated, Moore filed a petition pursuant to 28 U.S.C. § 2255, seeking to vacate the sentence. He argued that his plea was invalid because he had not understood the maximum penalty for the offense and because it had not been explained to him. He also submitted an affidavit of his trial attorney stating that the attorney had not discussed special parole with him. The district court dismissed the petition without a hearing, finding that its mention of the fact that any prison sentence would be accompanied by a special parole term of not less than three years sufficed to comply with Rule 11 of the Federal Rules of Criminal Procedure.

■ Rule 11(c)(1) provides:

Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform him of, and determine that he understands, the following: (1) . . . the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law . . .

Special parole is a significant penalty. *See United States v. Sheppard*, 588 F.2d 917 at 918 (4th Cir. 1978); *Bell v. United States*, 521 F.2d 713, 715 (4th Cir. 1975). Unlike ordinary parole, which does not involve supervision beyond the original prison term set by the court and the violation of which

cannot lead to confinement beyond that sentence, special parole increases the possible period of confinement. It entails the possibility that a defendant may have to serve his original sentence plus a substantial additional period, without credit for time spent on parole.[*] Explanation of special parole in open court is therefore essential to comply with the Rule's mandate that the defendant be informed of "the maximum possible penalty provided by law." Cf. *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).

■ In a case presenting the possibility of special parole, the district judge should, after explaining the minimum and maximum possible imprisonment and fine for the offense in accordance with Rule 11, inform the defendant and determine that he understands the following:

(1) that a special parole term will be added to any prison sentence he receives;

(2) the minimum length of the special parole term that must be imposed and the absence of a statutory maximum;

(3) that special parole is entirely different from—and in addition to—ordinary parole; and

(4) that if the special parole is violated, the defendant can be returned to prison for the remainder of his sentence and the full length of his special parole term.

---

[*] 21 U.S.C. § 841(c) provides:

A special parole term . . . may be revoked if its terms and conditions are violated. In such circumstances the original term of imprisonment shall be increased by the period of the special parole term and the resulting new term of imprisonment shall not be diminished by the time which was spent on special parole. A person whose special parole term has been revoked may be required to serve all or part of the remainder of the new term of imprisonment. A special parole term . . . shall be in addition to, and not in lieu of, any other parole provided for by law.

The Department of Justice regulations [28 C.F.R. § 2.56 (1978)] to implement this statute state in part as follows:

(a) The Drug Abuse Prevention and Control Act, 21 U.S.C. §§ 801 to 966, provides that, on conviction of certain offenses, mandatory "special parole terms" must be imposed by the court as part of the sentence.

This term is an additional period of supervision which follows the completion of the regular sentence (including completion of any period on parole or mandatory release).

(b) At the time of release under the regular sentence, whether under full term expiration or under a mandatory release certificate or a parole certificate, a separate Special Parole Term certificate will be issued to the prisoner by the Bureau of Prisons.

(c) Should a releasee be found to have violated conditions of release during supervision under his regular sentence, i. e., before commencement of the Special Parole Term, he will be returned as a violator of his basic supervision period under his regular sentence; the Special Parole Term will follow unaffected, as in paragraph (a) of this section. Should a releasee violate conditions of release during the Special Parole Term he will be subject to revocation on the Special Parole Term . . . . .

■ The district court's omission of such an explanation, followed by its imposition of a combined sentence of imprisonment and special parole that exceeded the 15-year maximum of which the defendant had been advised, did not comply with Rule 11(c)(1).

*Michel v. United States*, 507 F.2d 461 (2d Cir. 1974), and *Johnson v. United States*, 539 F.2d 1241 (9th Cir. 1976), on which the government relies, do not present the problem of a combined sentence and parole exceeding the maximum penalty of which the defendant was advised. In *Michel*, the court refused to vacate the sentence despite a cursory Rule 11 examination with regard to special parole. The crucial difference between *Michel* and the present case is that in *Michel*, the combined sentence of imprisonment and special parole actually received by the defendant was considerably less than the relevant maximum prison sentence. In *Johnson*, the court informed the defendant that in addition to the five-year maximum prison sentence and the $15,000 maximum fine for each of the three counts of the indictment, there was a mandatory special parole term. The court twice emphasized that if the defendant were sentenced to prison, he would receive a special parole term that could run a minimum of two years and a maximum of "ad infinitum" on each of the three counts. 539 F.2d at 1243–44 and n.2. There is no indication that the defendant received a combined sentence of imprisonment and special parole that exceeded the maximum prison term of which he had been advised.

Relying on *Bell*, in which we refused to order rearraignment despite the district court's failure to mention special parole, the government argues that any violation of Rule 11 did not amount to the "fundamental defect" leading to a "miscarriage of justice" that must be shown in a collateral attack upon an arraignment. *See United States v. White*, 572 F.2d 1007, 1009 (4th Cir. 1978).

We expressly based our decision in *Bell* on the fact that the combined sentence of prison and special parole received by the defendant was less than the maximum prison term of which he had been advised. 521

F.2d at 715. As we have noted, that is not true here. Moreover, unrebutted evidence indicates that neither the court nor Moore's attorney explained that he could be imprisoned for more than 15 years, and there is no evidence that Moore in fact understood the maximum penalty at the time he entered his plea. In these circumstances, the court's failure to comply with Rule 11(c)(1) was a fundamental defect. *See Boykin v. Alabama*, 395 U.S. 238, 243–44, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). It therefore entitles Moore to relief under 28 U.S.C. § 2255.

■ We do not believe, however, that the error requires us to set aside the plea. The appropriate remedy is set forth in *United States v. Sheppard*, 588 F.2d at 918. If Moore's prison sentence is reduced to 12 years, the combined sentence of prison and parole will correspond to what Moore claims he understood to be the maximum penalty, and any prejudice from the Rule 11 violation will be cured. The district court is in the best position to decide whether the sentence should be modified as an alternative to rearraignment. We therefore remand the case to the district court with directions, in its discretion, to reduce the prison sentence to 12 years or to set aside the plea and allow Moore to plead again.