[Crim. No. 15636. Fourth Dist., Div. One. May 30, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
BRADLEY EARL HALL, Defendant and Appellant.

COUNSEL

David A. Kay, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Keith I. Motley and Jesus Rodriguez, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**WORK, J.**—Bradley Earl Hall was sentenced to prison after a judgment convicting him of annoying or molesting children (Pen. Code,[1] § 647a). He

---

[1]All statutory references are to the Penal Code.

appeals, claiming he has been denied the benefits of a bargained plea he had proposed under which he voluntarily rejected an earlier agreement for local time in exchange for a prison term. We find his prison sentence fulfills the trial court's obligation under the plea bargain, and hold the fact Hall's bargained sentence did not enable him to avoid a parole revocation in a different case is irrelevant where his plea bargain was not contingent on the success of his efforts to avoid revocation in those unrelated proceedings.

Hall committed his present crime while on parole from the California Youth Authority (CYA) for a similar offense. Here, Hall pleaded guilty and admitted his prior conviction in exchange for a promise the court would sentence him to local time to run concurrently with any time served should his CYA parole be revoked, unless he was found to be a mentally disordered sex offender (MDSO). Hall was found to be an MDSO and was committed to Patton State Hospital for three years, while criminal proceedings were suspended.

Hall was returned to court when he failed to benefit from treatment, and criminal proceedings were resumed. Before sentencing, Hall asked permission to, and waived, his bargain in order to be sentenced to prison with credit for time served, believing having a prison sentence imposed would enhance his chances of not having his CYA parole revoked.[2] He erroneously believed he had sufficient custodial credits to offset any actual prison confinement on the present charge. The court accepted the waiver and committed Hall to prison for the aggravated term of three years with credit for time served. Mistakenly believing the remaining time on the prison commitment was only five days, the court ordered Hall to remain in local custody to serve the balance of his term.

Within one hundred and twenty days, the court recalled Hall's sentence (under § 1170, subd. (d)) because the actual time remaining on his three-year sentence far exceeded five days and would require Hall to be imprisoned.[3] At resentencing Hall tried to rescind his waiver of the terms of the original plea bargain because, in spite of his efforts, his parole was going to be revoked. The request was denied; however, Hall was given an opportunity to withdraw his plea in light of the circumstances. He declined to do so, insisting the original bargain be restored. Hall was resentenced to the midterm of two years and, since no time now remained on the prison com-

---

[2] Hall was sentenced to CYA on April 10, 1979, for eight years, or until April 10, 1987. Even though it was agreed his CYA time would run concurrently, he would still have time remaining.

[3] It appears Hall's attorney misread the probation report when she told the judge her client only had five days remaining. Unfortunately, the court as well as the prosecution accepted her erroneous calculation.

mitment, the sentence was deemed served and Hall was released to CYA on its hold.

■ Hall contends he is entitled to specific performance of his original plea bargain, first, because his waiver was ineffective being based on a contingency (nonrevocation of his CYA parole) that failed to occur; and second, when the original sentence was vacated he claims his earlier waiver became void.

■ Under some circumstances specific performance may be a remedy for breach of a plea bargain. (*Santobello* v. *New York* (1971) 404 U.S. 257, 267 [30 L.Ed.2d 427, 436, 92 S.Ct. 495]; see generally, *People* v. *Calloway* (1981) 29 Cal.3d 666 [175 Cal.Rptr. 596, 631 P.2d 30]; *People* v. *Mancheno* (1982) 32 Cal.3d 855 [187 Cal.Rptr. 441, 654 P.2d 211].) ■ However, here there is no breach.

At the onset of the original sentencing hearing, Hall's attorney stated: "It is our position that the terms of the plea bargain originally entered into would entitle Mr. Hall to a grant of probation at this juncture. However, for reasons which I have explained to Mr. Hall, and reasons which I related to the fact that he is on Youth Authority parole, I think it is in his best interests and ends to permit the Court to commit him to State Prison, if the Court is so inclined. And I have explained to Mr. Hall the right to probation, which I think he is entitled, and he is prepared to waive the right to probation under the terms and conditions of the plea bargain. I would actually ask the Court to, in open court, to take a waiver of that position from Mr. Hall and his understanding of what I have just stated in the Court."
■ A waiver of a bargained-for term can occur by affirmative expression on the part of the defendant acknowledging his/her voluntary relinquishment of the known right. (See *Johnson* v. *Zerbst* (1938) 304 U.S. 458, 464 [82 L.Ed. 1461, 1466, 58 S.Ct. 1019, 146 A.L.R. 357]; *People* v. *Mancheno, supra,* 32 Cal.3d 855, 864.) ■ Hall voluntarily gave up his right to probation when he verbally, knowingly assented to the waiver. The consequences of his relinquishment were explained to him by his attorney as well as the trial judge.

The record also reveals Hall's motivation for waiver as follows: ". . . let me just add, for the record, in respect to the waiver of argument regarding probation, as I say, Mr. Hall is on Youth Authority parole. I'm advised by his parole agent, Miss Hinestro, that the parole hold will remain in effect irrespective of the Court's decision regarding sentencing. However, the prospect of a discharge from the Youth Authority as opposed to a revocation of parole would be *enhanced* by a state prison commitment as opposed to a

grant of probation. And it is for that reason that we are willing to go along with such a commitment.''

Hall knew the possibility of parole revocation existed even with a prison commitment. A plea is invariably made without complete foresight into the possible consequences, and there is no guarantee the accused will make a decision that in hindsight will not reflect an error in judgment. (*Johnson* v. *United States* (9th Cir. 1976) 539 F.2d 1241, 1243.) Hall gambled and lost. Neither the court nor the prosecution encouraged Hall's waiver or provided information for his faulty assumption.

Hall also asserts since his waiver was made to obtain a specific sentencing result (no further time), when the original sentence was vacated, so was the waiver. This argument is unsupported factually and legally. The sentence and the bargain underlying it are separate. Here, the trial court merely changed the length of the base term. It did not purport to vacate or change the agreement which allowed it to sentence Hall to prison, rather than adhere to the local-time element of the original bargain. By resentencing, the trial court gave Hall all benefits he contemplated by his waiver which were within the scope of the bargain, i.e., no further custody on the underlying charge. The sentence allowed Hall to avoid a lengthy probation supervision which could have been imposed under the original bargain and allowed him to use the prison sentence as a bargaining chip in negotiating with CYA.[4]

Judgment affirmed.

Staniforth, Acting P. J., and Wiener, J., concurred.

A petition for a rehearing was denied June 14, 1984, and appellant's petition for a hearing by the Supreme Court was denied August 22, 1984.

---

[4]Having found no breach of the plea bargain agreement, we need not address the remaining issues.