947 F.2d 951
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Don KNAUSS, Jr., Defendant-Appellant.
 No. 90-15892.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1991.*
Decided Oct. 23, 1991.
 
 Before GOODWIN, WILLIAM A. NORRIS, and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Don Knauss appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence.
 
 
 3
 In May 1988, Knauss was indicted for possession with intent to distribute 521 pounds of marijuana and for conspiracy to possess with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846(1), and for aiding and abetting, in violation of 18 U.S.C. § 2.
 
 
 4
 Knauss pled guilty to one count of possession with intent to distribute and to the aiding and abetting charge, and he was sentenced to 78 months in prison. On May 2, 1989, Knauss filed a motion pro se under 28 U.S.C. § 2255 to vacate his sentence. Knauss subsequently moved to supplement his 2255 motion with additional documentation. On May 9, 1990, the district court issued a final order denying Knauss's section 2255 motion without an evidentiary hearing. Knauss timely appealed.
 
 A. Voluntariness of the Guilty Plea
 
 5
 A defendant who pleads guilty may not on collateral attack allege deprivations of constitutional rights that occurred prior to the plea. The defendant may attack only the voluntary and intelligent character of the plea itself. Tollett v. Henderson, 411 U.S. 258, 267 (1973).
 
 
 6
 Knauss contends that because the government failed to disclose impeachment evidence concerning a confidential informant prior to Knauss's guilty plea, the plea was involuntary. According to Knauss, the government withheld information showing that its confidential informant had a history of mental illness and had committed crimes involving fraud. Knauss suggests that if this impeachment information had been disclosed, he would have proceeded to trial with an entrapment defense.
 
 
 7
 The government has a duty under due process to disclose evidence favorable to the accused that is material to guilt or punishment. Brady v. Maryland, 383 U.S. 83, 87 (1963). In addition to exculpatory evidence, prosecutors must also disclose information that could be used to impeach important government witnesses. Giglio v. United States, 405 U.S. 150, 154 (1972). Suppressed evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Bagley, 473 U.S. 667, 682, 685 (1985).
 
 
 8
 Entry of a guilty plea does not necessarily foreclose all claims of Brady violations. No appellate court that has considered the question, however, has granted collateral relief. See White v. United States, 858 F.2d 416, 421-22 (8th Cir.1988), cert. denied, 489 U.S. 1029 (1989); Barnes v. Lynaugh, 817 F.2d 336, 338-39 (5th Cir.1987); Campbell v. Marshall, 769 F.2d 314, 321-24 (6th Cir.1985), cert. denied, 475 U.S. 1048 (1986).
 
 
 9
 The voluntariness of Knauss's guilty plea must be determined in light of all the circumstances surrounding it. Brady v. United States, 397 U.S. 742, 748 (1970). Knauss does not challenge the competence of his counsel or the propriety of the plea-taking procedure. Indeed, the district court scrupulously followed the procedures required by Boykin v. Alabama, 395 U.S. 238, 242-43 (1969) and Fed.R.Crim.P. 11(c) in ascertaining that Knauss made a voluntary and intelligent decision to plead guilty.
 
 
 10
 Plea bargaining is inherently an uncertain process, and a guilty plea is not rendered involuntary merely because in hindsight the defendant wishes he had chosen a different course of action. See McMann v. Richardson, 397 U.S. 759, 769-71 (1970); Johnson v. United States, 539 F.2d 1241, 1243 (9th Cir.1976), cert. denied, 431 U.S. 918 (1977).
 
 
 11
 Knauss's argument from hindsight is speculative to say the least. In order to have the jury consider an affirmative defense of entrapment, the defendant must present some evidence of government inducement and his own lack of predisposition. See United States v. Smith, 924 F.2d 889, 898 (9th Cir.1991). Even if all of Knauss's allegations concerning the informant are true, however, they do not tend to establish any of the elements of entrapment. The most that can be said with respect to Knauss's claim is that if the impeachment information had not been withheld and if Knauss had elected to go to trial, Knauss might have been able to subject the informant to damaging cross-examination if the government had called him as a witness. Showing that the government's informant was unreliable, however, would not have exculpated Knauss with respect to the conspiracy, possession, or aiding and abetting charges. We do not find any basis for concluding that had the suppressed information been disclosed to Knauss, it would have been controlling in his decision to plead.
 
 
 12
 Knauss does not argue on appeal that the government improperly withheld the identity of its confidential informant, in violation of Roviaro v. United States, 353 U.S. 53, 60-61 (1957). Nothing in the government's conduct prevented Knauss from going to trial and calling the informant to testify. As the record indicates, Knauss knew who the informant was.[1]
 
 B. Evidentiary Rulings
 
 13
 Knauss attempted to supplement his section 2255 motion by submitting the unsigned and unsworn statements of Wendy Ramsey and Lee Patricia Tate, his own declaration of facts concerning the informant, and unauthenticated records from an unrelated criminal proceeding. Knauss also urged the court to examine the presentence report of the alleged informant, prepared for use in an unrelated proceeding.
 
 
 14
 The magistrate judge, in his recommendation to the district court, refused to consider the affidavits and found that the supplemental documentation provided no support for Knauss's claim. The district court did not mention the submitted papers in its order denying Knauss's section 2255 motion. Knauss argues that the district court erred in considering only the factual basis of the plea agreement and not the so-called affidavits and other documents he submitted. He urges that the district court should be required to hold an evidentiary hearing at which he could call Ramsey and Tate to testify.
 
 
 15
 Section 2255 requires that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall ... grant a prompt hearing ... [and] determine the issues and make findings of fact and conclusions of law." 28 U.S.C. § 2255 (1988). We have interpreted this provision to require that
 
 
 16
 [w]hen section 2255 motions are based on alleged occurrences entirely outside the record, which if true would support relief, the court must conduct a hearing on those allegations "unless, viewing the petition against the record, its allegations do not state a claim for relief or are so [ ...] patently frivolous or false as to warrant summary dismissal." In deciding such motions judges need not conduct full evidentiary hearings.
 
 
 17
 Watts v. United States, 841 F.2d 275, 277 (9th Cir.1988) (quoting Baumann v. United States, 692 F.2d 565, 571 (9th Cir.1982)).
 
 
 18
 We find that the district court did not abuse its discretion and that a remand is not necessary. Even if the factual allegations contained in Knauss's supporting documents are true, they do not tend to establish the elements of entrapment or otherwise support Knauss's claim that his plea was involuntary. The district court properly declined to consider the submitted papers or hold an evidentiary hearing.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Even if Knauss had not known the informant's identity, we do not believe the lack of disclosure would have violated his due process rights. Disclosure is not required where the informant played only a peripheral role in the crime. See United States v. Sai Keung Wong, 886 F.2d 252, 255-56 (9th Cir.1989). The defendant has the burden of demonstrating the need for disclosure, and mere suspicion that the information will prove helpful does not constitute a sufficient showing. See United States v. Buffington, 815 F.2d 1292, 1299 (9th Cir.1987). Although the record does reveal that the government's informant was present when Knauss was arrested, there is nothing to indicate that he played anything more than a minor role in the drug deal or that his testimony would have buttressed an entrapment defense by Knauss