**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 98-6012

ELVIN FLORIS,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CR-93-62, CA-97-123-4-BO)

Submitted: May 29, 1998

Decided: July 10, 1998

Before MURNAGHAN and WILLIAMS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Dismissed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

Elvin Floris, Appellant Pro Se. Barbara Dickerson Kocher, OFFICE
OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Elvin Floris appeals from district court orders denying his 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998) motion and denying reconsideration of that order. We grant a certificate of appealability as to whether Floris was deprived of effective assistance of appellate counsel in violation of the Sixth Amendment when his appellate counsel did not challenge the district court's failure to inform him at the plea hearing of the mandatory minimum or maximum term of supervised release. We also vacate that portion of the district court's order denying relief on this issue and remand for the court to consider its merits. We deny a certificate of appealability and dismiss the appeal in all other respects.

As an initial matter, we find the district court erred in denying Floris's § 2255 motion on the basis that he had waived "all right to contest a conviction or sentence in any post-conviction proceeding." Floris entered into a plea agreement in which he agreed to plead guilty to one count of distributing crack cocaine in violation of 21 U.S.C.A. § 841 (West 1981 & Supp. 1998). The plea agreement stated that Floris "waive[d] all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C.A. § 2255, excepting [his] right to appeal based upon ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea." This provision was repeated by the court during the plea hearing. Thus, according to the terms of the plea agreement, Floris is not barred from raising certain ineffective assistance of counsel claims in a § 2255 motion.

We find that Floris's claim that he was denied effective assistance of appellate counsel because appellate counsel did not challenge the court's failure to inform him of the appropriate term of supervised

2

release merits review by the district court. At the plea hearing, Floris was informed by the court that the term of imprisonment was "up to twenty years" and the term of supervised release was "up to three years." (R. Vol. 3 at 6). According to § 841(b)(1)(C), Floris actually faced "a term of supervised release of at least 3 years in addition to such term of imprisonment." The court sentenced Floris to the maximum twenty years' imprisonment and five years' supervised release, or two years more than the maximum penalty of which he was informed. See United States v. Good, 25 F.3d 218, 220 (4th Cir. 1994) (the error is not harmless if the combined sentence of incarceration and supervised release received exceeded the maximum term the defendant was told he could receive).

Under Fed. R. Crim. P. 11(c)(1), a court must inform the defendant of the mandatory minimum penalty and the maximum penalty before accepting a guilty plea. This Court has held that under certain circumstances, the failure to inform the defendant of the mandatory minimum penalty could result in error requiring either the plea to be vacated or the sentencing court to be provided with an opportunity to modify the sentence. See United States v. Goins , 51 F.3d 400 (4th Cir. 1995); Moore v. United States, 592 F.2d 753, 756 (4th Cir. 1979).

Appellate counsel might have been successful with this issue on appeal, if the error was not found to be harmless. See Goins, 51 F.3d at 402 (Rule 11 violations reviewed for harmless error). There is insufficient evidence before this Court to determine whether the error is harmless. Defense counsel's affidavit stating that it was his good faith belief that Floris knew of the maximum and minimum term of supervised release is called into doubt by the handwritten change in the plea agreement signed by Floris, defense counsel, and the prosecutor stating that the maximum term of supervised release was three years. Furthermore, the only document which mentioned the correct term of supervised release, the presentence report, cannot cure a Rule 11 violation. See Goins, 51 F.3d at 404.

We find no merit to the remaining issues raised by Floris. He failed to show that his counsels' performance was deficient or that he was prejudiced by counsels' conduct with regard to the remaining issues. See Hill v. Lockhart, 474 U.S. 52, 56-57 (1985); Smith v. Dixon, 14 F.3d 956, 981 (4th Cir. 1994); United States v. Burkley, 511 F.2d 47,

3

51 (4th Cir. 1975). Challenging the court's finding regarding the amount of crack cocaine attributable to Floris would have been futile since this court found the court's findings to be"clear and adequate." United States v. Floris, No. 94-5884 (4th Cir. Feb. 29, 1996) (unpublished), cert. denied, ___ U.S. #6D 6D6D#, 65 U.S.L.W. 3259 (U.S. Oct. 7, 1996) (No. 95-9143). Finally, Floris was not prejudiced by trial counsel's advice because his sentence would have remained the same even if Floris received a reduction in the offense level due to acceptance of responsibility.

We therefore grant a certificate of appealability as to whether Floris was deprived of effective assistance of appellate counsel in violation of the Sixth Amendment when his appellate counsel did not challenge the district court's failure to inform him at the plea hearing of the mandatory minimum or maximum terms of supervised release. We also vacate that part of the district court's orders granting summary judgment and denying Floris's motion under Fed. R. Civ. P. 59(e) on this issue and remand for the court's consideration of this issue on the merits. We deny a certificate of appealability and dismiss the appeal from the court's orders in all other respects.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART, VACATED
IN PART, AND REMANDED

4