**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

LANCE FEURTADO, a/k/a Desman
Smith, a/k/a Pie, a/k/a Lawrence
Jones, a/k/a Desmond Smith,
          *Defendant-Appellant.*

No. 00-4009

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

KENDALL FEURTADO,
          *Defendant-Appellant.*

No. 00-4014

Appeals from the United States District Court
for the District of South Carolina, at Columbia.
Solomon Blatt, Jr., Senior District Judge.
(CR-96-325)

Submitted: December 19, 2001

Decided: January 7, 2002

Before WIDENER, NIEMEYER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Leesa Washington, Assistant Federal Public Defender, Greenville, South Carolina; Heather Smith Tolar, Conway, South Carolina, for Appellants. Mark C. Moore, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

In these consolidated appeals, Lance Feurtado and Kendall Feurtado appeal their sentences imposed at resentencing. On appeal, this court remanded the case, stating that:

> the district court may, in its discretion, *see Moore v. United States*, 592 F.2d 753, 756 (4th Cir. 1979), accept the respective plea agreement of an individual defendant and resentence the defendant so that the sentence of imprisonment plus the statutory five year period of supervised release does not exceed the actual term of imprisonment stated in the plea agreement. In the alternative, the district court may reject the plea agreement and allow the defendant to withdraw his guilty plea and plead again.

*United States v. Feurtado*, 191 F.3d 420, 428 (4th Cir. 1999). The court closed by stating "on remand the district court, at its option," will either impose a sentence in accordance with the sentence in the plea agreement or allow the defendants to withdraw the pleas and plead again. *Id.* at 429. On remand, the district court sentenced the Feurtados to ten years' imprisonment and five years' supervised release, in accordance with this court's mandate and the terms of the plea agreements. On appeal, Feurtados' counsel have filed a brief in

accordance with *Anders v. California*, 386 U.S. 738 (1967), claiming the appeals are without merit, but raising one issue: the district court erred at resentencing by not permitting the Feurtados to withdraw their guilty pleas. In addition, Lance Feurtado has filed a pro se supplemental brief raising several issues. Although advised of his right to do so, Kendall Feurtado has not filed a pro se supplemental brief. We affirm.

The district court did not abuse its discretion by sentencing the Feurtados in accordance to the terms of the plea agreements and the mandate.

In his pro se supplemental brief, Lance Feurtado claims that: (1) he was entitled to a downward departure because of post-sentencing rehabilitation; (2) the district court erred by sentencing him to a charge dismissed by the Government; (3) the district court erred by not dismissing the indictment; and (4) his sentence was in violation of the rule announce in *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

We find the district court properly denied Lance Feurtado's motion for a downward departure. *United States v. Bell*, 5 F.3d 64, 67 (4th Cir. 1993). We also find there is no merit to Lance Feurtado's claims that he was sentenced to a charge dismissed by the Government or that the district court lacked jurisdiction to impose a sentence. In addition, we find his ten year term of imprisonment does not violate the rule announced in *Apprendi*. *United States v. Angle*, 254 F.3d 514, 518 (4th Cir.), *cert. denied*, 122 S. Ct. 309 (2001).

In accordance with Anders, we have examined the entire record in these appeals and find no reversible error. We therefore affirm the Feurtados' sentences. This court requires that counsel inform the client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*