**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 03-4181**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTOINE DARNELL LANE,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. W. Craig Broadwater, District Judge. (CR-02-35)

Submitted: September 24, 2004     Decided: November 4, 2004

Before KING, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Eric S. Black, TRUMP & TRUMP, L.C., Martinsburg, West Virginia, for Appellant. Thomas E. Johnston, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Antoine Darnell Lane appeals from his conviction and one hundred ninety-two month sentence imposed following his guilty plea to conspiracy to possess with intent to distribute more than fifty grams of crack cocaine and six substantive offenses of distribution or possession with intent to distribute. Lane's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), stating that there are no meritorious issues for appeal, but asserting that Lane's guilty plea was not knowingly and voluntarily entered and that Lane received ineffective assistance of counsel with respect to the plea. Lane was informed of his right to file a pro se brief, but has not done so. Because our review of the record discloses no reversible error, we affirm Lane's conviction and sentence.[1]

During the plea hearing pursuant to Fed. R. Crim. P. 11, the district court did not establish the existence of a factual basis for the plea. However, because the court "may conclude that a factual basis exists from anything that appears on the record" and the record before the district court sufficiently provided a

---

[1]Lane has filed a notice of supplemental authorities pursuant to Fed. R. App. P. 28(j), seeking to challenge his sentence under Blakely v. Washington, 124 S. Ct. 2531 (2004). In light of the opinion issued by the en banc court in United States v. Hammoud, __ F.3d ___, 2004 WL 2005622 (4th Cir. Sept. 8, 2004); United States v. Hammoud, 378 F.3d 426 (4th Cir. 2004) (order), petition for cert. filed, __ U.S.L.W. __ (U.S. Aug. 6, 2004) (No. 04-193), we find no Blakely error in Lane's sentence.

factual basis for the plea, United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991), we find no error, much less plain error by the district court.  See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002) (providing standard).

Also during the plea colloquy, the district court failed to inform Lane that he would be sentenced to a term of supervised release and to explain the effect of supervised release.  Under Fed. R. Crim. P. 11(h), a conviction must be vacated only if the Rule 11 violation affected the defendant's substantial rights. United States v. Good, 25 F.3d 218, 220 (4th Cir. 1994) (citing DeFusco, 949 F.2d at 117).  While a court's failure to discuss the nature of supervised release is error, it is deemed harmless if the defendant's combined sentence of incarceration and supervised release is less than the maximum term he was told he could receive. Id. (citing Moore v. United States, 592 F.2d 753, 756 (4th Cir. 1979)).

Here, the district court's failure to inform Lane of the effects of supervised release was harmless because Lane's combined sentence was less than the maximum sentence he was told he could receive. Lane received a 192-month sentence of incarceration followed by three years of supervised release, resulting in a combined sentence of 228 months or nineteen years.  That sentence is far less than the maximum possible sentence of life imprisonment that the district court told Lane he could receive for the

conspiracy offense to which Lane pled guilty. Accordingly, we find that the district court's failure to advise Lane of the fact and effect of supervised release was harmless. See Good, 25 F.3d at 220; Moore, 592 F.2d at 756.

In all other respects, the district court properly advised Lane of the consequences of his guilty plea, and Lane's plea was knowingly and voluntarily entered. Thus, we affirm Lane's convictions. See North Carolina v. Alford, 400 U.S. 25, 31 (1970); DeFusco, 949 F.2d at 119-20.

Lane contends that counsel was ineffective when advising him to plead guilty without the benefit of a plea agreement. Because it does not conclusively appear from the record that counsel rendered ineffective assistance, we decline to address this claim. See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999) (providing standard and noting that ineffective assistance of counsel claims generally should be raised by motion under 28 U.S.C. § 2255 (2000)).

As required by Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Lane's conviction and sentence.[2] This court requires that

---

[2]We note that Lane's Judgment Order states that his conviction for the offense charged in Count 11 was for possession with intent to distribute crack cocaine. However, with respect to Count 11, Lane was charged with, and pled guilty to, an offense involving marijuana. This typographical error may be corrected by the district court pursuant to Fed. R. Crim. P. 36.

- 4 -

counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED